Anthony M. Vassallo, Esq.
LAW OFFICE OF ANTHONY M. VASSALLO
305 Fifth Avenue, Suite 1B
Brooklyn, New York 11215
Tele: (347) 464-8277
Fax: (866) 334-9752
Email: tony@amvasslaw.com

*Proposed Counsel to the Debtor*
*And Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>God's Chariots To The Heavenly Highway Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-13585 (SMB) |

**DEBTOR'S *EX PARTE* MOTION FOR EXTENSION OF**
**TIME TO FILE SCHEDULES AND STATEMENTS**

God's Chariots To The Heavenly Highway Inc., the Chapter 11 debtor in the above-captioned matter (the "*Debtor*"), by and through its counsel, respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, granting the Debtor an extension of time to file the Debtor's affidavit required under Local Rule 1007-2 (the "*Local Rule 1007-2 Affidavit*") and its Schedules and Statements, to March 6, 2017. In support of the Motion, the Debtor, by and through its undersigned proposed counsel, respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 1007(a)(5) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*").

## PROCEDURAL BACKGROUND

4. On December 27, 2016 (the "*Petition Date*"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is operating its business as a Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in this case.

7. On December 30, 2017, the Debtor appeared for its initial section 341 meeting before the Office of the United States Trustee.

8. On February 7, 2017, the Debtor appeared before this Court to discuss its efforts to obtain counsel. Shortly after that hearing, the Debtor met with and engaged undersigned counsel to represent it in this case.

## BASIS FOR RELIEF

A. *A Temporary Waiver Pursuant to Local Rule 1007-2(d) is Appropriate*

9. Local Rule 1007-2(a) requires a debtor in a chapter 11 case to file with the petition an affidavit that contains various details related to the debtor's business, expenses, creditors, and assets, among other things. Local Rule 1007-2(b) requires the affidavit to contain financial information related to payroll and expenses if the debtor intends to continue operating the business. Local Rule 1007-2(d) permits a debtor to request a waiver of the requirements of Local

Rule 1007-2(a)-(c), provided that: (i) the Debtor gives notice to the United States Trustee, (ii) provides the information in subsections (1) through (4) of subdivision (a), and (iii) the Debtor shows that "it is impracticable or impossible" to furnish the information required by Local Rule 1007-2.

10. The Debtor respectfully submits that a waiver is appropriate here. The Debtor was forced to file a petition for relief under the Bankruptcy Code on an emergency basis, because the Debtor was in jeopardy of losing its primary asset, real estate in the Bronx. In addition, as detailed to the Court, the Debtor had difficulty in identifying and engaging counsel that is necessary to represent it here. Accordingly, the Debtor had to file this case under less than ideal circumstances.

11. While the Debtor has worked tirelessly to gather all of the information required by Local Rule 1007-2, given the exigencies of the filing, the Debtor was not able to compile all of the information required by the Rule prior to the filing of the Petition. Accordingly, it is impractical and not possible to file the affidavit containing all the information set forth in Local Rule 1007-2 today, and the Debtor requires two days (the weekend) to compile and submit the additional information. The Debtor intends to gather the remaining information and file the Local Rule 1007-2 Affidavit no later Monday, March 6, 2017.

B.  *An Extension of Time to file lists required by Bankruptcy Rule 1007 is Warranted*

12. In relevant part, Bankruptcy Rule 1007(a)(1) requires a debtor to "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms. If the Debtor is a corporation, other than a governmental unit, the debtor shall file with the petition a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1"

13. Rule 1007(a)(5) of the Bankruptcy Rules permits an extension of time for the filing of the lists required by subsection (a) of Rule 1007, "for cause shown." As with the Debtor's request for a waiver of the requirements of Local Rule 1007-2(a), (b), and (c), the Debtor respectfully submits that the requisite "cause" exists here.

14. The Debtor has just delivered documents to counsel to review for completing the Schedules and Statements. Counsel also is getting up to speed regarding this case (including familiarizing himself with the Debtor's prior case). Given those circumstances and the simple nature of the Debtor's assets and liabilities, the Debtor requires a short period of time to file the required documents. In addition, the Debtor also has provided counsel with monthly operating reports for the months of December 2016 and January 2017, which will be filed in conjunction with this Motion.

15. Undersigned counsel conferred with Brian Masumoto of the U.S. Trustee's office that the Debtor would file this request. Accordingly, the Debtor has met all the requirements for obtaining a waiver,1 and respectfully requests this Court enter the Proposed Order.[1]

16. No creditors or other parties in interest will be prejudiced by the relief requested herein.

### NOTICE

17. Notice of this Motion has been provided to the Office of the United States Trustee for the Southern District of New York and counsel to NYCTL 2015-A Trust, as prepetition first lien lender, and all other parties that have filed a notice of appearance in this case. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

---

[1] Local Rule 1007-2(d) also requires a Debtor to provide the information set forth in paragraphs (2) and (3) of paragraph (a). The Debtor respectfully submits that neither paragraph (2) nor paragraph (3) apply to the facts and circumstances of the Debtor's case.

4

**WHEREFORE**, the Debtor respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief for the Debtor as may be just or proper.

Dated: Brooklyn, New York
March 1, 2017

Respectfully submitted,

/s/Anthony M. Vassallo
Anthony M. Vassallo, Esq.
LAW OFFICE OF ANTHONY M. VASSALLO
305 Fifth Avenue, Suite 1B
Brooklyn, New York 11215
Tele: (347) 464-8277
Fax: (866) 334-9752
Email: tony@amvasslaw.com

*Proposed Counsel to the Debtor*
*And Debtor in Possession*

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>God's Chariots To The Heavenly Highway Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-13585 (SMB) |

**ORDER APPROVING DEBTOR'S *EX PARTE*
MOTION FOR EXTENSION OF TIME TO
FILE SCHEDULES AND STATEMENTS**

Upon the Motion of God's Chariots To The Heavenly Highway Inc. the debtor and debtor in possession in the above-captioned chapter 11 case (the "*Debtor*"), dated March 1, 2017, for an order, pursuant to Rules 1007(c) and 9006(b) of the Bankruptcy Rules, extending the deadline by which the Debtor must file its Schedules and Statements through and including March 6, 2017 (the "*Motion*"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion and opportunity for a hearing on the Motion was appropriate under the circumstances; and this Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objection being filed; and after due deliberation and sufficient cause appearing therefor, it here hereby

**ORDERED** that:

  1.  The Motion is granted to the extent set forth herein.

  2.  The deadline by which the Debtor must file its Schedules and Statements is extended through and including March 6, 2017, without prejudice to the Debtor's right to seek an additional extension.

  3.  This Court shall retain jurisdiction with respect to any and all matters arising from, or relating to, the implementation or interpretation of this Order.

Dated: _____, 2017
   New York, New York

             _____
             HONORABLE STUART M. BERNSTEIN
             UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned attorney, duly licensed in the State of New York and admitted to this Court, hereby certifies under the penalty of perjury that on March 1, 2017, he served a true and correct copy of the prefixed Motion on the following parties:

*VIA EMAIL*
Nickolas Karavolas, Esq.
PHILLIPS LYTLE LLP
NYCTL 2015-A Trust
340 Madison Avenue
17th Floor
New York, NY 10173
E-mail: nkaravolas@phillipslytle.com

*VIA FACSIMILE*
Brian M. Masumoto, Esq.
Office of the United States Trustee
201 Varick Street
Room 1006
New York, NY 10014
Fax: (212) 668-2255

Dated:   Brooklyn, New York
             February 28, 2017

/s/Anthony M. Vassallo
Anthony M. Vassallo, Esq.
305 Fifth Avenue, Suite 1B
Brooklyn, New York 11215
Tele: (347) 464-8277
Fax: (866) 334-9752