LAW OFFICE OF ANTHONY M. VASSALLO
305 Fifth Avenue
Brooklyn, NY 11215
Tel. (347) 464-8277
Fax (866) 334-9752
info@amvasslaw.com

*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY      Case No.: 16-13585 (SMB)
HIGHWAY INC.,                        Chapter 11

                Debtor.
-------------------------------------------------------X

**DECLARATION PURSUANT TO
LOCAL BANKRUPTCY RULE 1007-2**

Irma L. Hernandez, President of God's Chariots to the Heavenly Highway, the above-captioned debtor (the "*Debtor*") in this chapter 11 case, hereby swears as follows:

1. Describe the nature of the business and the circumstances leading to the Debtor's filing under Chapter 11:

    a. The Debtor was formed as a religious corporation. However, it did not begin to provide religious services until May 2015. Before that time, its revenue was generated solely from the rents it collected from real property it owns at 844 St. Ann's Avenue, Bronx, New York 10467 (the "*Property*").

    b. The Debtor's bankruptcy case was caused by its inability to meet certain tax obligations to the City of New York, which resulted in the commencement of a foreclosure action in July 2016 and appointment of a receiver in December 2016, as further described below.

    c. This case was commenced by filing a voluntary petition under chapter 11 of the Bankruptcy Code on December 27, 2016. Prior to that, on April 30, 2015, the Debtor filed a voluntary chapter 11 petition in this Court [Case No. 15-11134(mg)]. That case was dismissed on August 3, 2016.

    d. During this present case, the Debtor intends to sell the Property to a third party or failing that, seek to increase its revenue or obtain financing to satisfy its obligations in full. The Property is not encumbered by a mortgage loan. Since

the dismissal of its earlier case, the Debtor has sought potential purchasers for the Property and has obtained interest from 3 potential buyers.

2. If the case originally was commenced under Chapter 7 or Chapter 13, the name and address of any trustee appointed in the case and, in a case originally commenced under Chapter 7, the names and addresses of the members of any creditors' committee:

    a. Not applicable.

3. State the names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in the Chapter 11 case, and a brief description of the circumstances surrounding the formation of the committee and the date of its formation:

    a. Not applicable.

4. List the names, addresses, telephone numbers, person(s) familiar with the Debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured of the Debtor's 20 largest non-insider unsecured creditors:

    a. None.

5. List the names, addresses, telephone numbers, person(s) familiar with the Debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured of the Debtor's five (5) largest secured creditors:

    a. The Debtor has only one secured creditor. Its claim appears to be fully secured and liquidated in the amount of $299,036.59. The contact information for the secured creditor is:

        NYCTL 2015-A Trust and The Bank of New York Mellon, as Collateral Agent and Custodian
        c/o Phillips Lytle LLP
        28 East Main Street
        Suite 1400
        Rochester, NY 14614-1935
        Attn: Richard J. Evans, Jr.

    and

        340 Madison Avenue
        17th Floor
        New York, NY 10173-1922
        Attn: Nickolas Karavolas, Esq.

b.

6. Provide a summary of the Debtor's assets and liabilities:

   a. <u>Assets</u>:
        Cash on Hand:       $    3,000.00
        Real Property:       $1,000,000.00 (est.)

   b. <u>Liabilities</u>: The Debtor's liabilities are minimal except for its tax lien liability.
        Tax Lien:       $  299,036.59
        Utilities:       $    1,000.00

7. Provide the number and classes of shares of stock, debentures, or other securities of the Debtor that are publicly held, and the number of record holders thereof, listing separately those held by each of the Debtor's officers and directors and the amounts so held:

   a. None.

8. List of all of the Debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity, the title of any proceeding relating thereto, and the court in which it is pending:

   a. None.

9. Provide a list of the premises owned, leased, or held under any other arrangement from which the Debtor operates its business:

   a. Owner of premises located at 844 St. Ann's Avenue, Bronx, New York.

10. Describe the location of the Debtor's significant assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States:

 a. The Debtor's asset and books and records are located in Bronx County at the Debtor's premises, 844 St. Ann's Avenue, Bronx, New York. The Debtor does not own any assets outside of the United States.

11. Describe the nature and present status of each action or proceeding, pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent:

 a. There is only one proceeding:

  i. On July 12, 2016, NYCTL 2015-A Trust (the "*Trust*") commenced a state court tax lien foreclosure action with respect to the Property by filing a summons and complaint in the Supreme Court of the State of New York, County of Bronx [Index No. 24666/2016E]. On December 2, 2016, the state court appointed a referee.

  ii. The name of the secured creditor and its counsel is:

  NYCTL 2015-A Trust and The Bank of New York Mellon, as Collateral Agent and Custodian
c/o Phillips Lytle LLP
28 East Main Street
Suite 1400
Rochester, NY 14614-1935
Attn: Richard J. Evans, Jr.

  and

  340 Madison Avenue
17th Floor
New York, NY 10173-1922
Attn: Nickolas Karavolas, Esq.

  iii. The amount of the Trust's claim, as of the commencement of this chapter 11 case, is $299,036.59 plus accruing interest.

12. List the names of the Debtor's existing senior management, their tenure with the Debtor, and a summary of their relevant responsibilities and experience:

 a. Irma L. Hernandez is the president of the Debtor and a trustee of the Debtor. She has served in that capacity since 2014 when her daughter could no longer serve in that capacity.

4

13. List the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the Chapter 11 petition:

    a. The Debtor does not have any employees and incurs no payroll.

14. List the amount to be paid for services in the (30) day period following the filing of the Chapter 11 petition, to (A) officers, stockholders, and directors of corporate debtors, (B) individual debtors, (C) partners of partnership debtors, and (D) financial or business consultants retained by the Debtor:

    a. None.

15. Provide a schedule, for the thirty (30) day period following the filing of the Chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing:

    a. Receipts:       $3,100.00
       Disbursements:  $4,000.00

I hereby declare that the foregoing is accurate and true to the best of my knowledge and belief.

Dated: Astoria, New York
       March 27, 2017

                                        /s/Irma L. Hernandez
                                        Irma L. Hernandez