Anthony M. Vassallo, Esq.
LAW OFFFICE OF ANTHONY M. VASSALLO
305 Fifth Avenue
Brooklyn, NY 11215
Tel. (347) 464-8277
Fax (866) 334-9752
tony@amvasslaw.com

*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY              Case No.: 16-13585 (SMB)
HIGHWAY INC.,                                              Chapter 11

                              Debtor.
-----------------------------------------------------X

God's Chariots To The Heavenly Highway Inc., the debtor and debtor in possession in

the above-captioned case (the "*Debtor*"), respectfully submits this application (the

"*Application*") for an order, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "*Bankruptcy Rules*"), Rule 2014-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "*Local Rules*"), and sections 327(a) and 328 of title 11 of the United Code (the

"*Bankruptcy Code*"), for entry of an order authorizing the employment and retention of Chattel

Real Estate ("*Chattel*") as real estate broker for the Debtor, nunc pro tunc to the Petition Date (as

defined below). In support of the Application, the Debtor submit the Declaration of Robert

Williams, President of Chattel, attached as Exhibit "1" (the "*Williams Declaration*").

In further support of the Application, the Debtor respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and

the Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting

C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      The Debtor filed a voluntary Chapter 11 petition on December 27, 2016. No

committee of unsecured creditors has been appointed. The Debtor remains in possession of its

property and continues to manage its business as a debtor in possession.

3.      The Debtor is a religious corporation that was formed in early 2014. It holds title

to real property known as 844 St. Ann's Avenue in Bronx County (the "*Property*"). The Property

has eight commercial units. Four are occupied by the Debtor, and the rest of the Property is now

vacant. The Property is the Debtor's primary asset.

4.      The Property is unencumbered by a mortgage. The Debtor's primary financial

difficulties have arisen from, among other things, its inability to generate sufficient revenue to

meet operating expenses. A contributing factor to this financial situation was the lack of viable

commercial tenants for the retail space of the Property.

5.      The Debtor's bankruptcy case was caused by its inability to meet certain tax

obligations to the City of New York, which resulted in the commencement of a foreclosure

action in July 2016 and appointment of a receiver in December 2016. The Debtor is using this

proceeding to sell the Property to a third party which is expected to yield more than sufficient

funds to pay all creditors in full.

6.      On January 18, 2017, the Debtor entered into an exclusive sale listing with

Chattel. The Debtor is preparing a sale motion to request approval of a sale of the Property.

## RELIEF REQUESTED

7.      The Debtor seeks approval, pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to employ and retain Chattel as

their real estate broker in connection with this Chapter 11 case. The Debtor seeks to retain

Chattel as its real estate broker based on its experience with the Property, and Chattel's

knowledge in commercial real estate especially in the area where the Property is located. The

Debtor selected Chattel to market and sell the Property because of that knowledge and

experience. For these reasons, the Debtor concluded that Chattel has the expertise and resources

required to assist the Debtor in selling the Property and maximize its value.

8.      Bankruptcy Code § 327(a) provides that the Debtor are permitted to employ

professional persons "that do not hold or represent an interest adverse to the estate, and that are

disinterested persons." Section 328 of the Bankruptcy Code provides, in pertinent part, that under

section 327 of the Bankruptcy Code, a professional may be employed "on any reasonable terms

and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a).

9.      Bankruptcy Rule 2014 provides that an application for retention of a professional

person include: [S]pecific facts showing the necessity for the employment, the names of the

person to be employed, the reasons for the selection, the professional services to be rendered, any

proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the

person's connections with the debtor, creditors, and any other party in interest, their respective

attorneys and accountants, the United States Trustee, or any person employed in the office of the

United States Trustee.

10.     By this Application, the Debtor requests that the Court approve the employment

and compensation arrangements described in the Exclusive Sale Listing Agreement attached as

Exhibit "2" and described below, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

The employment arrangement with Chattel will be beneficial to the Debtor's estates because it

will provide the Debtor with much needed assistance in selling the Property, the Debtor's

primary asset.

11.     Further the Debtor believe that the compensation arrangement detailed in the

Listing Agreement and described below provides both certainty and the proper inducement for

Chattel to act expeditiously and prudently with respect to the matters for which it will be

employed.

### SERVICES TO BE PROVIDED BY CHATTEL

12.     As set forth above, the Debtor employed Chattel to assist the Debtor in marketing

and selling the Property. Since then, Chattel has become familiar with the Property and is both

well qualified and uniquely able to sell the property in a cost-effective and efficient manner.

Further, Chattel is a commercial real estate services firm located in the Bronx.

13.     Pursuant to the Listing Agreement, CHATTEL will perform services for the

Debtor, including, but not limited to, the following: a. marketing the Property; b. assistance with

negotiations regarding any potential transactions involving the Property; c. analysis of and

recommendations regarding offers for transactions involving the Property; and d. assistance with

consummation of any transactions involving the Property.

14.     The Debtor submits that Chattel is ell-suited to act as the Debtor' real estate

broker because of the firm's recent and intimate knowledge regarding the Property.

15.     The Listing Agreement envisions paying Chattel a commission at closing of the

Sale of the Property out of the Sale proceeds equal to 3.0% of the Gross Purchase Price

16.     The Debtor respectfully submit that, inasmuch as Chattel's compensation is results-oriented and directly related to benefits received by the Debtor' estates, requiring Chattel to file periodic fee applications pursuant to Sections 330 and 331 of the Bankruptcy Code and in compliance with Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary. Chattel will be employed by the Debtor to perform highly specialized tasks. It is Chattel's general practice and the general practice of other listing agents who provide similar services, to be paid on a contingency fee basis, rather than keeping detailed time records similar to those customarily kept by attorneys. Therefore, the Debtor submit that requiring Chattel to file periodic fee applications pursuant to sections 330 and 331 of the Bankruptcy Code is unnecessary because Chattel will not be paid unless and until it sells the Property for the Debtor.

17.     As noted above, Chattel's compensation will not be calculated and paid based on the number of hours Chattel expends providing the Services to the Debtor. Therefore, the Debtor requests that Chattel be excused from filing time records in accordance with United States Trustee Guidelines for the Southern District of New York and Local Rule 2016-1. Chattel will, however, file a final fee application in accordance with applicable Bankruptcy Rules, Local Rules and any orders entered by the Court. Based on the foregoing, the Debtor submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## CHATTEL'S DISINTERESTEDNESS

18.     To the best of the Debtor' knowledge, Chattel and its employees do not have any connection with or any interest adverse to the Debtor, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Williams Declaration. Chattel has represented to the Debtor that it has not provided and will not provide

services to any parties other than the Debtor in this cases or in conjunction with any matters that

would be adverse to the Debtor arising from, or related to, the Chapter 11 case. Chattel has

further represented to the Debtor that neither it, nor its employees, have any connection to the

U.S. Trustee or any person employed in the Office of the U.S. Trustee in the Southern District of

New York.

19.    Based on the Williams Declaration, the Debtor believe that Chattel is a

"disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code. The Debtor has been informed that Chattel

will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise,

and if any new relevant facts or relationships are discovered, Chattel will supplement its

disclosure to this Court.

20.    The Debtor's retention of Chattel pursuant to the terms and conditions set forth

herein is necessary and in the best interests of the Debtor, its creditors and its estate.

## NUNC PRO TUNC RETENTION

21.    The Debtor seek approval of Chattel's retention, *nunc pro tunc* to the date of the

listing agreement, January 186, 2017

## NOTICE

22.    Notice of this Application has been provided either by, electronic transmission, or

first-class mail to: (i) the Office of the United States Trustee for Region 2, Attn: Brian

Masumoto, Esq., U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New

York 10014; (ii) PHILLIPS LYTLE LLP, counsel to the NYCTL 2015-A Trust, and (iii) all

parties who have filed a notice of appearance. The Debtor submits that, under the circumstances,

no other or further notice is necessary.

23.    No previous application for the relief sought herein has been made to this or any

other court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully request entry of the order substantially in the

form annexed hereto, authorizing the retention of Chattel as its real estate broker to the Debtor,

together with such other and further relief as is just and proper.

Dated:  Brooklyn, New York
        May 31, 2017

/s/Anthony M. Vassallo

Anthony M. Vassallo, Esq.
LAW OFFICE OF ANTHONY M. VASSALLO
305 Fifth Avenue
Brooklyn, NY 11215
Tel. (347) 464-8277
Fax (866) 334-9752
tony@amvasslaw.com

*Proposed Counsel to the Debtor*

**LISTING AGREEMENT**



# Chattel
### REAL ESTATE

January 18th, 2017

Irma L. Hernandez
God's Chariots to The Heavenly Highway Inc.
578 East 161st Street
Bronx NY 10456

Re:    844-862 St. Anns Ave, Bronx NY 10456
aka    570-578 East 161st Street Bronx, NY 10456

Dear Ms. Hernandez:

This will confirm our agreement regarding the payment of real estate brokerage commissions to us in connection with the sale of the above noted premises from God's Chariots to The Heavenly Highway Inc. to the LaGree Baptist Church, Inc.

We are the sole broker in the said sale of the noted premises to LaGree Baptist Church. You represent that there are no other brokers with any claim for this sale to LaGree Baptist Church.

We have agreed with you that if, as and when title closes with LaGree Baptist Church, Inc. as to the noted property, God's Chariots to The Heavenly Highway Inc. shall pay us at the time of said closing a brokerage commission in the agreement amount of 3% of the purchase price. If the sale does not occur for any reason whatsoever, there shall be no commission due or owed.

*(I H)*
*(THREE)*

Please sign this letter to confirm your agreement and acceptance of the terms and provisions hereof and return it to my attention.

Sincerely yours,

Robert Williams
Chattel Real Estate

Agreed to and Accepted:
God's Chariots to The Heavenly Highway Inc.

By: _____
Irma L. Hernandez, Chairman

By: _____

Date: 1/26/2017



New York State
DEPARTMENT OF STATE
Division of Licensing Services
P.O. Box 22001
Albany, NY 12201-2001

Customer Service: (518) 474-4429
www.dos.state.ny.us

## New York State Disclosure Form for Buyer and Seller

# THIS IS NOT A CONTRACT

*New York State law requires real estate licensees who are acting as agents of buyers or sellers of property to advise the potential buyers or sellers with whom they work of the nature of their agency relationship and the rights and obligations it creates. This disclosure will help you to make informed choices about your relationship with the real estate broker and its sales agents.*

*Throughout the transaction you may receive more than one disclosure form. The law may require each agent assisting in the transaction to present you with this disclosure form. A real estate agent is a person qualified to advise about real estate.*

*If you need legal, tax or other advice, consult with a professional in that field.*

## Disclosure Regarding Real Estate Agency Relationships

### Seller's Agent

A seller's agent is an agent who is engaged by a seller to represent the seller's interests. The seller's agent does this by securing a buyer for the seller's home at a price and on terms acceptable to the seller. A seller's agent has, without limitation, the following fiduciary duties to the seller: reasonable care, undivided loyalty, confidentiality, full disclosure, obedience and duty to account. A seller's agent does not represent the interests of the buyer. The obligations of a seller's agent are also subject to any specific provisions set forth in an agreement between the agent and the seller. In dealings with the buyer, a seller's agent should (a) exercise reasonable skill and care in performance of the agent's duties; (b) deal honestly, fairly and in good faith; and (c) disclose all facts known to the agent materially affecting the value or desirability of property, except as otherwise provided by law.

### Buyer's Agent

A buyer's agent is an agent who is engaged by a buyer to represent the buyer's interests. The buyer's agent does this by negotiating the purchase of a home at a price and on terms acceptable to the buyer. A buyer's agent has, without limitation, the following fiduciary duties to the buyer: reasonable care, undivided loyalty, confidentiality, full disclosure, obedience and duty to account. A buyer's agent does not represent the interest of the seller. The obligations of a buyer's agent are also subject to any specific provisions set forth in an agreement between the agent and the buyer. In dealings with the seller, a buyer's agent should (a) exercise reasonable skill and care in performance of the agent's duties; (b) deal honestly, fairly and in good faith; and (c) disclose all facts known to the agent materially affecting the buyer's ability and/or willingness to perform a contract to acquire seller's property that are not inconsistent with the agent's fiduciary duties to the buyer.

### Broker's Agents

A broker's agent is an agent that cooperates or is engaged by a listing agent or a buyer's agent (but does not work for the same firm as the listing agent or buyer's agent) to assist the listing agent or buyer's agent in locating a property to sell or buy, respectively, for the listing agent's seller or the buyer agent's buyer. The broker's agent does not have a direct relationship with the buyer or seller and the buyer or seller can not provide instructions or direction directly to the broker's agent. The buyer and the seller therefore do not have vicarious liability for the acts of the broker's agent. The listing agent or buyer's agent do provide direction and instruction to the broker's agent and therefore the listing agent or buyer's agent will have liability for the acts of the broker's agent.

### Dual Agent

A real estate broker may represent both the buyer and seller if both the buyer and seller give their informed consent in writing. In such a dual agency situation, the agent will not be able to provide the full range of fiduciary duties to the buyer and seller. The obligations of an agent are also subject to any specific provisions set forth in an agreement between the agent, and the buyer and seller. An agent acting as a dual agent must explain carefully to

both the buyer and seller that the agent is acting for the other party as well. The agent should also explain the possible effects of dual representation, including that by consenting to the dual agency relationship the buyer and seller are giving up their right to undivided loyalty. A buyer or seller should carefully consider the possible consequences of a dual agency relationship before agreeing to such representation. A seller or buyer may provide advance informed consent to dual agency by indicating the same on this form.

## Dual Agent with Designated Sales Agents

If the buyer and seller provide their informed consent in writing, the principals and the real estate broker who represents both parties as a dual agent may designate a sales agent to represent the buyer and another sales agent to represent the seller to negotiate the purchase and sale of real estate. A sales agent works under the supervision

of the real estate broker. With the informed consent of the buyer and the seller in writing, the designated sales agent for the buyer will function as the buyer's agent representing the interests of and advocating on behalf of the buyer and the designated sales agent for the seller will function as the seller's agent representing the interests of and advocating on behalf of the seller in the negotiations between the buyer and seller. A designated sales agent cannot provide the full range of fiduciary duties to the buyer or seller. The designated sales agent must explain that like the dual agent under whose supervision they function, they cannot provide undivided loyalty. A buyer or seller should carefully consider the possible consequences of a dual agency relationship with designated sales agents before agreeing to such representation. A seller or buyer may provide advance informed consent to dual agency with designated sales agents by indicating the same on this form.

This form was provided to me by _____Robert Williams_____ (print name of licensee) of __Chattel Real Estate__

(print name of company, firm or brokerage), a licensed real estate broker acting in the interest of the:

( ___ ) Seller as a (check relationship below)        ( ___ ) Buyer as a (check relationship below)

    ( ___ ) Seller's agent                      ( ___ ) Buyer's agent

    ( ___ ) Broker's agent                 ( ___ ) Broker's agent

              ( X ) Dual agent

              ( ___ ) Dual agent with designated sales agent

For advance informed consent to either dual agency or dual agency with designated sales agents complete section below:

    ( X ) Advance informed consent dual agency

    ( ___ ) Advance informed consent to dual agency with designated sales agents

If dual agent with designated sales agents is indicated above: _____ is appointed to

represent the buyer; and _____ is appointed to represent the seller in this transaction.

(I) (We) __God's Chariots to The Heavenly Highway__ acknowledge receipt of a copy of this disclosure

form: signature of {  } Buyer(s) and/or { X } Seller(s):

x _____                  _____

__Irma L. Hernandez__                        _____

Date: __1/26/2017__                       Date: _____

DOS-1736-a (Rev. 11/10)

**DECLARATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY                    Case No.: 16-13585 (SMB)
HIGHWAY INC.,                                     Chapter 11

                                  Debtor.
-------------------------------------------------------X

## DECLARATION OF ROBERT WILLIAMS IN SUPPORT OF THE APPLICATION OF THE CHAPTER 11 DEBTOR'S APPLICATION MOTION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF CHATTEL REAL ESTATE AS BROKER FOR THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE

Robert Williams, declares the following under penalty of perjury:

1.    I am the President of Chattel Real Estate. ("*Chattel*") which maintains an office at 841 Cortlandt Avenue, Bronx, NY 10451

2.    I am authorized to execute this Declaration on behalf of Chattel Real Estate ("*Chattel*"), and submit this Declaration pursuant to Sections 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "*Bankruptcy Code*") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") in support of the application (the "*Application*") of the Debtor in the above-captioned case to employ and retain Chattel to serve as the Debtor's real estate broker as set forth in the Application and Sale Listing Agreement.

3.    I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

4.    Chattel will perform services for the Debtor, upon the request of the Debtor, as set forth in the Listing Agreement, including, but not limited to, the following: (a) marketing the Property; (b) assistance with negotiations regarding any potential transactions

involving the Property; (c) analysis of and recommendations regarding offers for transactions

involving the Property; and (d) assistance with consummation of any transactions involving the

Property

       5.      The Agreement provides that Chattel shall be paid a commission, due in

full at the time of closing or transfer of title to the Property, of (i) 3.0% of the Gross Purchase

Price

       6.      Chattel's compensation is results-oriented and directly related to benefits

received by the Debtor's estate.

       7.      Chattel will not be compensated based upon time and effort expended.

Instead, Chattel will be compensated based upon a percentage.

       8.      Certain of the disclosures herein may relate to matters within the

knowledge of other professionals at The Broker and are based on information provided by them.

The description of the services listed herein is a summary.

       9.      To the extent that this Application and the terms of the Exclusive Sale

Listing Agreement are inconsistent, the terms of the Exclusive Sale Listing Agreement shall

control.

       10.     Recording and submission of detailed time entries for services rendered in

these cases is unnecessary and would be unduly burdensome to Chattel. To date, Chattel has

been paid $0.00 by the Debtor in connection with this matter.

       11.     Disinterestedness and Eligibility.  In connection with the preparation of

this affidavit, Chattel conducted a review of its contacts with the Debtor, and certain entities

holding large claims against or interests in the Debtor that were made reasonably known to

Chattel. Chattel's review, completed with my assistance, consisted of a query of interested

parties and creditors in this case within an internal computer database containing names of

individuals and entities that are present or recent former clients of Chattel. Based on the results

of its review, Chattel does not have a relationship with any of the parties in matters related to this

case.

12.     Chattel is not a "creditor" within the meaning of Section 101(10) of the

Bankruptcy Code. Further, neither I nor any other member of the Chattel engagement team

serving the Debtor, to the best of my knowledge, is a holder of any outstanding debt instruments

or other equity interests or securities of the Debtor.

13.     As such, to the best of my knowledge, Chattel is a "disinterested person"

as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section

1107(b) of the Bankruptcy Code, in that Chattel: (a) is not a creditor, equity security holder or

insider of any Debtor; (b) is not and was not an investment banker for any outstanding security

of any Debtor; (c) has not been, within three years before the date of the filing of the Debtor'

Chapter 11 petitions, (i) an investment banker for a security of any Debtor or (ii) an attorney for

such an investment banker in, connection with the offer; sale, or issuance of a security of any

Debtor; and (d) was not, within two years before the date of filing of the Debtor' Chapter 11

petitions, a director, officer, or employee of any Debtor or of any investment banker as specified

in subparagraph (b) or (c) of this paragraph.

14.     In addition, to the best of my knowledge and based upon the results of the

relationship search described above and disclosed herein, Chattel neither holds nor represents an

interest adverse to the Debtor within the meaning of Section 327(a) of the Bankruptcy Code. 12.

It is Chattel's policy and intent to update and expand its ongoing relationship search for

additional parties in interest in an expedient manner. If any new material relevant facts or

relationships are discovered or arise, Chattel will promptly file a Bankruptcy Rule 2014(a)

Supplement to this Declaration

      15.     In accordance with section 504 of the Bankruptcy Code, I hereby state

that there is no agreement or understanding between Chattel and any other entity, other than a

partner or an associate of CHATTEL, for the sharing of compensation received or to be received

for services rendered in connection with these proceeding.

      16.     This Declaration is provided in accordance with Section 327(a) of the

Bankruptcy Code and Bankruptcy Rule 2014.

      17.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.


DATED:      Bronx, New York
             May 31, 2017          /s/Robert Williams

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY                    Case No.: 16-13585 (SMB)
HIGHWAY INC.,                                     Chapter 11

                         Debtor.
-------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHATTEL, INC. AS REAL ESTATE BROKER FOR THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE

Upon consideration of the application (the "*Application*")1 of the debtor and debtor in possession in the above-captioned case (the "Debtor"), for entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "*Local Rules*") approving the retention of Chattel Real Estate ("Chattel") as the Debtor' real estate broker to sell the Debtor's Property upon the terms of the Agreement annexed to the Application as Exhibit "2"; and upon the Declaration of Robert Williams of Chattel (the "*Williams Declaration*"), annexed to the Application as Exhibit1 "1"; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interests of the estate and its creditors; the Court being satisfied, based on the representations made in the Application and the Williams Declaration, that Chattel represents or holds no interest adverse to the Debtor' estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that due and appropriate notice of the Application has been given; and it appearing

that no other or further notice need be provided; and good and sufficient cause appearing

therefore, it is

ORDERED, that the Application is GRANTED as provided herein; and it is further

ORDERED, that in accordance with sections 327(a) and 328 of the Bankruptcy Code, the

Debtor is hereby authorized to retain Chattel as its real estate broker upon the terms of the

Agreement including the commission fee arrangement detailed therein which is hereby

approved; and it is further

ORDERED, that given that the percentage-based fee structure and that the brokers do not

earn their commission until the sale is approved by this Court and title passes to a buyer, Chattel

is excused from filing time records and interim fee applications in accordance with United States

Trustee Guidelines for the Southern District of New York and Local Rule 2016-1; provided that

Chattel shall file a final fee application; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

DATED:   New York, New York
         June __, 2017

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE