UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY           Case No.: 16-13585 (SMB)
HIGHWAY INC.,                                              Chapter 11

                              Debtor.
-------------------------------------------------------X

### ORDER PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF THE LAW OFFICE OF ANTHONY M. VASSALLO AS COUNSEL FOR THE DEBTOR

Upon the application (the "*Application*") of God's Chariots to the Heavenly Highway (the "*Debtor*"), as debtor and debtor in possession, dated April 28, 2017, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Law Office of Anthony M. Vassallo ("*AMV Law*") as its attorneys under a general retainer; upon the Declaration of Anthony M. Vassallo, Esq. (the "*Declaration*"), a member of the firm of AMV Law; it appearing that Anthony M. Vassallo is admitted to practice before this Court; the Court being satisfied that AMV Law represents no interest adverse to the Debtor and its estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. § 101(14), and that the employment of AMV Law is necessary and in the best interest of the Debtor and its estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that the Application is granted in all respects; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ AMV Law as its attorneys under the terms and conditions set forth in the Application and retainer agreement; and it is further

ORDERED, that prior to any increases in AMV Law's current rates, as set forth in paragraph 3 of the Declaration, for any individual retained byAMV Law and providing services in these cases, AMV Law shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and thise Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated:   New York, New York
        July 19th, 2017

                                  /s/ STUART M. BERNSTEIN
                                  STUART M. BERNSTEIN
                                  U.S. BANKRUPTCY JUDGE

NO OBJECTION:

_____
Office of the United States Trustee