UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY        Case No.: 16-13585 (SMB)
HIGHWAY INC.,        Chapter 11

       Debtor.
-------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AND RULE 6004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
(A) AUTHORIZING THE DEBTOR TO SELL CERTAIN REAL PROPERTY
LOCATED AT 844-862 ST ANNS AVENUE, BRONX, NY 10456
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND INTERESTS AND GRANTING RELATED RELIEF**

Upon the motion, dated June 16, 2017 (the "*Motion*")[1] of God's Chariots to the Heavenly Highway, the debtor and debtor in possession (the "*Debtor*"), for entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 363, Rule 6004 of the Federal Rules of Bankruptcy Procedure, and pursuant to the amended guidelines for the conduct of asset sales adopted by this Court's General Order M-383, authorizing the sale of commercial real property located at 844-862 St. Anns Avenue, Bronx, New York 10456 (the "*Property*") free and clear of all liens, claims, encumbrances and interests (if any); upon the Limited Objection of NYCTL 2015-A Trust to the Motion, dated July 10, 2017 [ECF 24] (the "*Limited Objection*"); upon the certificate of service of Debtors counsel, dated July 16, 2017, showing service of the Motion upon the parties set forth therein [ECF 25]; upon the Appraisal of the Property filed on July 17, 2017 [ECF 26]; and the Court having considered (i) the Motion, (ii) the Limited Objection, (iii) the arguments of counsel made, and (iv) the evidence submitted, proffered or adduced, at the hearing held on July 18, 2017

---

[1] Capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

(the "*Sale Hearing*"), and (v) the record in this Case, of which the Court took judicial notice at the Sale Hearing; and the Court having determined that the relief requested in the Motion and the Sale to the Buyer in accordance with the Purchase Agreement and the provisions of this order (this "*Order*") are in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that reasonable and adequate notice of the Motion has been provided to all persons required to be served in accordance with the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.      The Court has jurisdiction over this matter and over the property of the Debtor, including the Property to be sold, transferred and conveyed, pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), as amended by order M-431 dated January 31, 2012 (Preska, C.P.J.).

B.      The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are 11 U.S.C. §§ 105 and 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

C.      As evidenced by the certificate of service filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion, the hearing thereon, and sale contemplated therein and herein have been provided; (ii) such notice was good and sufficient and appropriate with respect to the relief granted herein under the particular circumstances; and (iii) no other or further notice of, or a hearing on, the Motion or the sale contemplated herein is or shall be required.

  D. The Debtor is the sole lawful owner of the Property, and, upon entry of this Order, has the legal power and authority to convey all of its right, title and interest therein and thereto.

  E. The offer to purchase the property submitted by LaGree Baptist Church is the highest and best offer received for the Property.

  E. The relief requested in the Motion and at the hearing and granted herein is in the best interests of the Debtor, its creditors, its estate, and all other parties in interest in this case.

  F. All findings of fact and conclusions of law made or announced by the Court at the Sale Hearing are incorporated herein; and it is therefore

  **ORDERED, ADJUDGED AND DECREED THAT:**

  1. The relief requested in the Motion is GRANTED in the manner and to the extent set forth below.

  2. Pursuant to Bankruptcy Code §§ 105(a), 363(b) and 363(f), the Purchase Agreement and the transaction contemplated therein are hereby approved and authorized.

  3. Pursuant to Bankruptcy Code § 363(b), the Debtor is hereby authorized to and directed to take any and all actions necessary or appropriate to convey the Property to the Buyer in accordance with, and subject to, the terms and conditions of the Purchase Agreement, a copy of which is annexed as Exhibit A.

  4. The consideration provided by the Buyer for the Property under the Purchase Agreement is fair and reasonable, and shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

  5. The Property shall be transferred to the Buyer free and clear of all liens, claims and encumbrances, with any and all such liens, claims and encumbrances to attach to the sale proceeds to the extent, and with the validity and in the priority, that existed prior to the sale. All

such liens, claims and encumbrances shall remain in effect pending closing of the sale of the Property. The secured claim of NYCTL 2015-A Trust shall be paid in full, including all post-petition charges, at closing, as a condition to the effectiveness of section 363(f) to the sale of the Property.

6. In the event of any inconsistency between this Order, on the one hand, and the Purchase Agreement or other documents related to the sale of the Property, on the other, the terms of this Order shall control.

7. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Purchase Agreement in all respects.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
       July 19th, 2017

                                  /s/ STUART M. BERNSTEIN
                                  HONORABLE STUART M. BERNSTEIN
                                  UNITED STATES BANKRUPTCY JUDGE