LAW OFFICE OF ANTHONY M. VASSALLO
Attorney for the Debtor and Debtor-in-Possession
305 Fifth Avenue | Suite 1B
Brooklyn, NY 11215
Tel. (347) 464-8277
Fax (866) 334-9752
info@amvasslaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY              Case No.: 16-13585 (SMB)
HIGHWAY INC.,                               Chapter 11

                    Debtor.
-----------------------------------------------------X

**FIRST AMENDED DEBTOR'S PLAN
OF LIQUIDATION, DATED JANUARY 18, 2019**

God's Chariots To The Heavenly Highway Inc., Debtor and Debtor-in-Possession (the

"Debtor"), proposes the following Plan of Liquidation (the Plan") pursuant to Chapter 11 of Title

11, United States Code, (the "Bankruptcy Code").

**ARTICLE I**

**DEFINITIONS AND RULES OF CONSTRUCTION
AND RULES OF CONSTRUCTION**

For the purposes of this Plan, the following terms shall have the respective meanings

as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms

of the terms defined, unless the context otherwise requires). Capitalized terms used in this Plan

shall at all times refer to the terms as defined in this ARTICLE I or as otherwise defined in this

Plan. A term used in this Plan which is not defined herein but is defined in the Bankruptcy

Code or the Bankruptcy Rules shall have the meaning ascribed to such term in the Bankruptcy

Code or Bankruptcy Rules.

Accounting terms, if any, not otherwise defined in this Plan shall have the meanings assigned to them in accordance with generally accepted accounting principles (GAAP) currently in effect. The words "herein," "hereof" and "hereunder" and other words of similar import refer to this Plan as a whole, including all exhibits and schedules, if any, annexed hereto, as the same may from time to time be amended or supplemented, and not to any particular article, section or subdivision contained in this Plan. Exhibits to the Disclosure Statement referred to in this Plan shall be deemed incorporated in and are deemed exhibits to this Plan by reference.

1.01    **"Administrative Claim"** means a claim for any cost or expense of administration in connection with the Bankruptcy Case of a kind specified in Section 503(b) of the Bankruptcy Code and referred to in Sections 507(a)(2) and 1114(e)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses incurred after the Relief Date of the Debtor and up to the Effective Date of preserving the Estate of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor, as debtor-in-possession, in connection with the conduct of its business or businesses, allowances of compensation for legal or other services and reimbursement of costs and expenses under Sections 330(a) or 331 of the Bankruptcy Code or otherwise allowed by the Court, all costs of making distributions and providing notices and ballots.

1.02    **"Affiliate"** means an affiliate, as such term is defined in Section 101(2) of the Bankruptcy Code.

1.03    **"Allowed" or "Allows"** means a Claim or portion thereof: (I) which is scheduled by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code, other than a Claim which is scheduled by the Debtor as disputed, contingent, unliquidated or unknown; or (ii) proof of which has been filed, pursuant to Section 501(a) of the Bankruptcy

Code and with respect to which Claim, no objection to the allowance thereof has been interposed prior to the final date for filing such objections set forth in a Final Order of the Court or provided by this Plan; or (iii) which, after objection thereto, has been allowed, in whole or in part, by a Final Order; or (iv) which has been allowed pursuant to a Final Order unless otherwise specified in this Plan.

      **1.04**    **"Allowed Claim"** shall not include, for any purpose, interest on the amount of such Claim.

      **1.05**    **"Allowed Administrative Claim"** means all or that portion of any Administrative Claim that either has been Allowed by a Final Order or has not been objected to within any time period which might be established by this Plan or by a Final Order of the Bankruptcy Court.

      **1.06**    **"Allowed Priority Claim"** means a Priority Claim to the extent it is or has become an Allowed Claim.

      **1.07**    **"Allowed Unsecured Claim"** means an Unsecured Claim to the extent it is or has become an Allowed Claim. Unless otherwise specified in the Plan, interest accrued after the Relief Date shall not be part of any Allowed Unsecured Claim.

      **1.08**    **"Assets"** means all property and assets of the Debtor, of any nature whatsoever, including claims of right and property, real and personal, tangible and intangible, including without limitation, all property of the estate provided for under Section 541 of the Bankruptcy Code and all property and causes of action acquired by the Debtor subsequent to the Relief Date.

**1.09**    **"Bankruptcy Case"** or **"Chapter 11 Case"** means the Chapter 11 case of the Debtor commenced by the filing of a voluntary petition pursuant to the Bankruptcy Code on December 27, 2016 with the Bankruptcy Court, Case No. 16-13585-smb.

**1.10**    **"Bankruptcy Code"** means Title I of the Bankruptcy Reform Act of 1978, (11 U.S.C. Sections 101, *et. seq.*) as amended.

**1.11**    **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Southern District of New York, having jurisdiction over the Bankruptcy Case and to the extent of any references made pursuant to 28 U.S.C. Section 157.

**1.12**    **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, together with all amendments and modifications from time to time made thereto as prescribed under 28 U.S.C. Section 2075 (1978).

**1.13**    **"Bar Date"** means the deadline for filing Claims as fixed by the Court; provided, however, that if the Court extends the time for filing any given Claim, the date so set shall be the Bar Date only with respect to such given Claim.

**1.14**    **"Business Day"** means any day other than a Saturday, Sunday or legal holiday (as such term is defined in Bankruptcy Rule 9006).

**1.15**    **"Cash"** means cash and cash equivalents, including but not limited to, bank deposits, checks and other similar items.

**1.16**    **"Chapter 11"** means Chapter 11 of the Bankruptcy Code.

**1.17**    **"Claim"** means a claim against the Debtor, whether or not asserted, contingent, or unliquidated, as defined in Section 101(5) of the Bankruptcy Code, and shall include, but is not limited to, any Claim against the Debtor for pre-petition interest, post-petition interest or

contingent interest, any contingent Claim, any Claim against the Debtor arising out of the rejection of any Executory Contract, any Claim arising from the recovery of property under, *inter alia,* Sections 550 or 553 of the Bankruptcy Code, and any Claim for a tax whether or not the Claim is entitled to priority under Section 507(a) of the Bankruptcy Code.

1.18   **"Claims Reserve"** means a reserve maintained by the Debtor in the amount of $25,000, to be used by the Debtor to pay Claims (including Disputed Claims) that may arise after the Plan is confirmed or for any disputed Claims.

1.19   **"Claimant"** means the holder of a Claim, and "Holder" means a Claimant.

1.20   **"Class"** means a category of holders of Allowed Claims as provided for in Article II of this Plan.

1.21   **"Confirmation"** means entry of an order by the Court confirming this Plan in accordance with Chapter 11.

1.22   **"Confirmation Date"** means the date on which the Confirmation Order is entered by the Court.

1.23   **"Confirmation Hearing"** means the hearing held before the Court with respect to the Confirmation of this Plan.

1.24   **"Confirmation Order"** means the order to be entered by the Court confirming this Plan in accordance with Chapter 11.

1.25   "**Confirmed Debtor**" means the Debtor after the entry of the Confirmation Order.

1.26   **"Consummation"** or **"Consummation Date"** means the date upon which all Distributions and other treatment proposed by this Plan shall have been made or completed,

5

provided that substantial consummation of this Plan shall be deemed to have occurred upon all distributions and treatment provided for on the Effective Date having been made or completed on that date.

**1.27    "Creditor"** means any Entity that has a Claim against the Debtor.

**1.28    "Debtor"** means God's Chariots To The Heavenly Highway Inc., a New York corporation formed pursuant to Section 402 of the Not-for-Profit Corporation Law. Effective as of July 6, 2016, the Internal Revenue Service granted the Debtor tax exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code.

**1.29    "Disallowed Claim"** means any Claim, or portion thereof, that has been disallowed pursuant to Section 502 of the Bankruptcy Code by the Court pursuant to a Final Order.

**1.30    "Disclosure Statement"** means the statement required under Section 1125 of the Bankruptcy Code, as modified or amended, that (i) relates to this Plan and (ii) is approved by the Bankruptcy Court pursuant to, and contains adequate information as defined under, Section 1125 of the Bankruptcy Code.

**1.31    "Disputed Claim"** means (a) a Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent, unliquidated or unknown; or (b) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated, contingent or unknown; or (c) a Claim, and as to which an objection to the allowance thereof has been interposed within the time limitation fixed by the Bankruptcy Code, by an order of the Court, or by this Plan, which objection has not been determined, in whole or in part, by a Final Order.

**1.32    "Distribution"** means a payment of Cash or other consideration to be made under this Plan.

**1.33    "Distribution Date"** means the Effective Date, except with respect to Disputed Claims, in which case, Distribution Date shall be a date that is within ten (10) business days after the date a Final Order has been entered with respect to the disposition of the particular Disputed Claim.

**1.34    "Effective Date"** means a date established by the Debtor which shall be no earlier than the day after the Confirmation Order becomes a Final Order, or any date provided by Court order.

**1.35    "Entity"** shall have the meaning set forth in Section 101(15) of the Bankruptcy Code.

**1.36    "Estate"** means the estate of the Debtor created in the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

**1.37    "Executory Contracts"** means unexpired leases and contracts, including those for nonresidential real property, and executory contracts within the meaning of Section 365 of the Bankruptcy Code.

**1.38    "Final Order"** means an order or judgment of a court, the implementation or, operation or effect of which has not been reversed, stayed, modified or amended and as to which order or judgment (or any revision, modification or amendment thereof) the time to appeal or seek a writ of *certiorari* has expired and as to which no appeal or petition for *certiorari* has been taken or is pending.

**1.39    "Person"** means a person as defined in Section 101(41) of the Bankruptcy Code.

**1.40**    **"Plan"** means this Plan of Liquidation and all exhibits thereto as same may be modified, amended or restated from time to time.

**1.41**    **"Priority Claims"** means Priority Tax Claims and Priority Non-Tax Claims.

**1.42**    **"Priority Non-Tax Claim"** means a Claim entitled to priority under Section 507 of the Bankruptcy Code other than an Administrative Claim or a Priority Tax Claim.

**1.43**    **"Priority Tax Claim"** means a Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**1.44**    **"Professional** Person**"** shall have the meaning set forth in Sections 327(a) and 1103(a) of the Bankruptcy Code, and includes, by way of example, the Debtor's attorney.

**1.45**    "**Real Property"** means the Debtor's former property located at 842-864 St. Anns Avenue, Bronx, New York 10456 that was sold during the Chapter 11 Case.

**1.46**    **"Relief Date"** means the date on which an order for relief under Section 301 of the Bankruptcy Code was entered as to the Debtor.

**1.47**    **"Secured Claim"** means all or that portion of any Claim, together with such interest (including, where permitted by law interest accrued on and after the Relief Date), fees, costs and charges as may be allowed by such agreement or by the Court under Section 506(b) of the Bankruptcy Code, that is secured by a valid, perfected lien to the extent of the value of the interest of the holder of such Claim in such property of the Debtor, as determined by agreement between the Debtor and the holder of such Secured Claim or by the Court by a Final Order pursuant to Section 506(a) of the Bankruptcy Code.

**1.48    "Unclaimed Property"** means any Cash or other consideration to be distributed under this Plan (together with any interest earned thereon) that is deemed unclaimed in accordance with Section 7.03 of this Plan.

**1.49    "Unsecured Claim"** means any Class 4 Claim.

**1.50    "U.S. Trustee"** means the Office of the United States Trustee for Region 2 including the Southern District of New York.

**1.51    "Wings of the Wind"** means Wings of the Wind Foundation Corporation, a New York corporation formed pursuant to Section 402 of the Not-for-Profit Corporation Law. Effective as of July 17, 2017, the Internal Revenue Service granted Wings of the Wind Foundation Corporation tax exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code. Wings of the Wind has the same mission and same board of trustees as the Debtor

**ARTICLE II**

**CLASSIFICATION OF CLAIMS**

**2.01    Division of Classified Claims**.  An Allowed Claim is in a particular Class only to the extent such Claim qualifies within the description of that Class and is in a different Class to the extent that the remainder of the Claim qualifies within the description of the different Class.

**2.02    Allowed Claims**. A Claim is in a particular Class only to the extent the Claim is an Allowed Claim as defined herein and has not been paid or otherwise satisfied prior to the Effective Date.

**2.03    Classification**. Claims against the Debtor, excluding Administrative Claims and Priority Tax Claims, are divided into the following Classes:

2.03.01        **Class 1** shall consist of all Allowed Secured Claims.

9

2.03.02        **Class 2** shall consist of all Allowed General Unsecured Claims.

**2.04**    **Non-Classified Claims**.

2.04.01        Under this Plan, Allowed Administrative Claims and Priority Tax

Claims are not designated within a Class as classification of such Claims

is not mandated under Section 1123(a)(1) of the Bankruptcy Code.

2.04.02        Similarly, under this Plan, U.S. Trustee fees are not designated within a

Class.

## ARTICLE III

## IDENTIFICATION OF CLASSES OF
## CLAIMS UNDER THE PLAN

**3.01**    All Allowed Claims in Classes 1, and 2 shall be paid no later than on the

Effective Date of the Plan.

**3.02**    If there is a controversy as to whether any Claimant or Class of Claimants is

impaired under this Plan, the Court shall, after notice and a hearing, determine such

controversy.

## ARTICLE IV

## PROVISIONS FOR TREATMENT OF CLAIMS UNDER THIS PLAN

**4.01.**    **Unclassified Claims**. Allowed Administrative Claims and Allowed Priority

Tax Claims are not classified under this Plan pursuant to Section 1123(a) of the Bankruptcy

Code.

4.01.01.        All Allowed Administrative Claims and Allowed Priority Tax Claims,

which remain unsatisfied as of the Effective Date, shall be paid by the

Debtor in full upon the earlier of the Distribution Date or the entry of an

order approving such Allowed Administrative Claim if such order is

10

required, in Cash, or on such other terms as may be agreed upon by the

Holder of such Allowed Administrative Claim and the Debtor, except that

Administrative Claims incurred by the Debtor in the ordinary course of

business shall be paid when due in accordance with ordinary business terms.

4.01.02.    U.S. Trustee's fees will continue to be due and payable until a Final Decree

is entered or the case is dismissed or converted, whichever is earlier.  Prior to

the confirmation of the Plan the Debtor will continue to pay all applicable

U.S. Trustee fees.  After the entry of an order confirming the Plan the Debtor

will continue to pay all applicable U.S. Trustee fees.  After the entry of an

order confirming the Plan, the Confirmed Debtor  will be responsible for the

payment of all applicable U.S. Trustee fees.

**4.02.    <u>Allowed Secured Claims (Class 1)</u>**. Holders of Allowed Class 1 Claims shall be
paid in full on the Effective Date of the Plan.

**4.03.    <u>Allowed Tax Claims (Class 2)</u>**. Holders of Allowed Class 2 Tax Claims shall
be paid in full on the Effective Date of the Plan.

**4.04.    <u>Allowed General Unsecured Claims (Class 3)</u>**. Holders of Allowed Class 3
General Unsecured Claims shall be paid in full on the Effective Date of the Plan.

<u>**ARTICLE V**</u>

<u>**ACCEPTANCE OF PLAN**</u>

**5.01**    All the Holders of Allowed Claims are deemed to have accepted the Plan because
they are being paid in full on the Effective Date of the Plan.

## ARTICLE VI

## MEANS FOR EXECUTION OF THIS PLAN

**6.01** **Plan Implementation**. This Plan is to be implemented in a manner consistent with Section 1123 of the Bankruptcy Code.

**6.02** **Funding of Claims**. The Debtor shall pay all Claims out of Cash on hand.

**6.03** **Transfer Charges**. Pursuant to 11 U.S.C. § 1146 of the Bankruptcy Code, all transfers of any interest in the Debtor's Assets which are made pursuant to and/or contemplated by this Plan, once subject to a Confirmation Order, shall be exempt from all otherwise applicable transfer taxes, stamp taxes, recording fees and other such charges assessed by the New York State and New York City taxing authorities for the recording and filing of any instruments of transfer. (the "Transfer Taxes") and such Transfer Taxes shall not be paid, for the transactions contemplated in this Plan.

**6.04** On the Effective Date or at such other time as agreed, a cash distribution shall be made to Holders of Allowed Administrative Claims, the Holder of Allowed Tax Priority Claims, and the Holders of Allowed Unsecured Claims. In the event an order has not been entered fixing the fees of a Professional Person and/or there is a dispute concerning fees of a Professional Person, then the total fees requested (if a hearing has not been held) or the disputed fees in question shall be placed in an escrow account to be kept by the Debtor in trust for the Professional Person and shall remain in such account until there is a resolution of the Professional Person's Administrative Claim, at which time such Professional Person shall be paid with interest earned thereon. The Debtor shall act as disbursing agent and shall be responsible for disbursement of payments to creditors.

12

6.05    **Setoffs**. The Debtor may, but shall not be required to, set off against any Claim and the Distributions to be made pursuant to this Plan in respect of such Claim, any claims of any nature whatsoever which the Debtor may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim the Debtor may have against such Holder. Prior to any setoff, the Debtor shall provide fourteen (14) days written notice and the creditor shall have the right to object.

6.06    **Corporate Action**. Upon entry of the Confirmation Order by the Clerk of the Bankruptcy Court, all actions contemplated by this Plan shall be authorized and approved in all respects (subject to the provisions of this Plan), including without limitation, the execution, delivery, and performance of all agreements required, contemplated or necessary to implement this Plan. On the Effective Date, the appropriate officers of the Debtor are authorized and directed to execute and deliver the agreements, documents and instruments contemplated by this Plan in the name of and on behalf of the Debtor and in accordance with Section 5 of the New York Religious Corporations Law.

## ARTICLE VII

## PROVISIONS CONCERNING DISTRIBUTIONS

7.01    **Time and Manner of Distributions Under this Plan.**

7.01.01    On the Effective Date of the Plan, the Debtor shall pay, in Cash, Allowed Administrative Claims, Allowed Secured Claim, Allowed Priority Tax Claim, and Allowed Unsecured Claim from the Debtor-in-Possession bank account.

7.01.02    To the extent a Claim is a Disputed Claim, Distributions allocable thereto shall not be made to the holder of such Claim but shall be held in a Disputed Claim Account.

13

When a Disputed Claim, or any portion thereof, becomes an Allowed Claim, the Debtor shall

cause a Distribution to be made to the holder of such Allowed Claim in accordance with the

provisions of this Plan with respect to treatment of the Class of Creditors in which the Allowed

Claim is classified within ten (10) Business Days after the order which Allows such Claim

becomes a Final Order.

       7.01.03   The Debtor-in-Possession bank account shall be closed by the Debtor as of the

first (1st) Business Day after the latter of the last check on account of a Distribution is cleared

and paid upon by the payor bank and the date under this Plan that the last of unclaimed

Distributions becomes Unclaimed Property.

       7.01.04   If a Priority Tax Claim, Administrative Claim or Unsecured Claim is a

Disputed Claim, then a Distribution allocable thereto shall be held in the Disputed Claim

Account pending the resolution of the Claim(s) in question.

       7.02    **Fractional Cents**.  Any other provision of this Plan to the contrary

notwithstanding, no payments of fractions of cents shall be made.  Whenever any payment of a

fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of

such fraction to the nearest whole cent (up or down).

       7.03    **Unclaimed Property**.  Except as otherwise provided herein, in the event and at

such time as any Distribution under this Plan becomes Unclaimed Property, then the Entity to

which such Distribution was to have been made shall forfeit all rights thereto, and thereafter the

Claim in respect of which such Distribution was to have been made as well as any subsequent

Distribution  shall be treated as a Disallowed Claim not subject to Section 502(j) of the

Bankruptcy Code.  In this regard, Distributions to Claimants entitled thereto shall be sent to their

last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed,

14

on the schedules filed by the Debtor, or as set forth in the most recently available records of the

Debtor or to such other address as may be requested in writing on or before the Effective Date by

a Claimant. Any Distribution shall be deemed Unclaimed Property if after the Debtor has made

a reasonable effort to locate the Claimant, the distribution same has not been received or

accepted by the Entity entitled to such Distribution by a date which is one hundred eighty (180)

days subsequent to the date of such Distribution.  In such event monies are not claimed then the

unclaimed monies shall be returned to the Debtor.

      7.04      **<u>Payment Dates</u>**.  Whenever any Distribution to be made under this Plan shall be

due on a day other than a Business Day, such payment or Distribution shall instead be made,

without interest, on the next Business Day.

      7.05      **<u>Distributions</u>**. Distributions under this Plan to all Allowed Claims shall be

made by the Debtor.

**<u>ARTICLE VIII</u>**

**EFFECT OF THE PLAN ON
<u>HOLDERS OF CLAIMS</u>**

    **9.01**    **<u>Injunction</u>**. Except as otherwise expressly provided in this Plan, the Confirmation

Order shall provide, among other things, that all Entities who have held, hold or may hold Claims

against the Debtor are permanently enjoined on and after the Effective Date:  a) from

commencing or continuing in any manner, directly or indirectly, any action or other proceeding

of any kind with respect to any such Claim against the Debtor or the property of the Debtor with

respect to any such Claim;  b) from the enforcement, attachment, collection or recovery by any

manner or means, directly or indirectly, of any judgment, award, decree, or order against the

property of the Debtor with respect to any such Claim; c) from creating, perfecting or enforcing,

directly or indirectly, any encumbrance of any kind against the Debtor, or against the property of

15

the Debtor with respect to any such Claim; and d) from asserting, directly or indirectly, any set-off, right of subrogation, or recoupment of any kind against any obligation due the Debtor or against the property of the Debtor with respect to any such Claim. Nothing contained in this Plan including this Section 9.01 shall: (a) prohibit the holder of a timely filed Claim to which the Debtor has timely filed an objection from litigating their right to seek to have such Claim declared an Allowed Claim; or (b) enjoin or prohibit the enforcement by any Claimant of any of the obligations of the Debtor under this Plan.

## ARTICLE IX

## REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

**9.01    Assumption of Executory Contracts/Leases**. The Debtor will assume all executory contracts and unexpired leases that are in effect on the Confirmation Date.

## ARTICLE X

## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

**10.01    Time Limit for Objections to Claims**. Objections to Claims shall be filed by the Debtor with the Court and served upon the holders of each of the Claims to which objections are made not later than forty-five (45) days subsequent to the Confirmation Date.

**10.02    Resolution of Disputed Claims**. Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claims, in its sole discretion, without notice to any party in interest, other than the Holder of the Disputed Claim, pursuant to the provisions of the Bankruptcy Code and Rules.

**10.03    Payments**. Payments, Distributions or treatment on account of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this

Plan with respect to the Class in which the Disputed Claim is classified. Notwithstanding anything in this Section to the contrary, undisputed portions of a Claim shall be deemed an Allowed Claim and shall receive treatment under this Plan in accordance with the provisions for the Class in which such partially Allowed Claim is in. Distributions or treatment on a Disputed Claim which becomes an Allowed Claim shall be made as soon as practicable, but not more than ten (10) Business Days after the date on which the order allowing such Claim becomes a Final Order and shall include interest earned thereon. The Debtor shall reserve a sufficient amount to cover the face amount of any Disputed Claim in the event it becomes Allowed. Unless otherwise agreed to in writing, the Debtor shall send payments by first class mail to the Holders of Allowed Claims to their last known address based on a) the address indicated on the Proof of Claim filed by the Creditor in this Case; or b) if no Proof of Claim is filed, then to the address indicated on the Debtor's schedules filed in this case.

## ARTICLE XI

## ADMINISTRATIVE PROVISIONS

**11.01    Further Documents and Action**. On or before the Effective Date, the Debtor shall cause to be prepared and shall execute and is authorized to file with the Court or other appropriate governmental Entity, such agreements and other documents, and take or cause to be taken such action, as may be necessary or appropriate to effect and further evidence the terms and conditions of this Plan. The Debtor will be responsible for the payment of all post confirmation U.S. Trustee fees and the filing of all post confirmation reports.

**11.02    Post-Confirmation Management**. The Debtor shall continue with its present management, including its president, Irma Hernandez, and will continue to be governed by its Board of Trustees.

17

**11.03    Status Reports**. Subsequent to the Effective Date the Debtor shall file with the Court post- confirmation reports detailing its progress to obtain a Final Decree. Status reports shall be filed on or before January 15, April 15, July 15 and October 15 until a Final Decree is entered.

## ARTICLE XII

## RETENTION OF JURISDICTION

**Retention of Jurisdiction**. Following the Confirmation Date, the Court shall retain jurisdiction of the Bankruptcy Case and of all matters arising under or out of the Bankruptcy Case, including, without limitation, for the following purposes:

12.01.01    to hear and determine any objections to the allowance of Claims brought by the Debtor;

12.01.02    to determine any and all applications for compensation for Professional Persons;

12.01.03    to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court and pending on the Confirmation Date that may be brought by the Debtor;

12.01.04    to modify this Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

12.01.05    to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of this Plan, the Confirmation Order and any other documents executed and delivered in connection with this Plan;

12.01.06    to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Bankruptcy Case;

12.01.07    to hear and determine any and all controversies and disputes arising under, or in connection with, this Plan, or the Confirmation Order, including

18

disputes with respect to post-Effective Date fees and expenses of Professional Persons;

12.01.08    to adjudicate all controversies concerning the classification of any Claim;

12.01.09    to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

12.01.10    to recover any assets and property of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as of the Confirmation Date;

12.01.11    to determine all questions and disputes regarding recovery of and entitlement to the Debtor's assets and property and determine all claims, causes of action and disputes between the Debtor and any other Entity, whether or not subject to an action pending as of the Confirmation Date;

12.01.12    to consider and act upon the compromise and settlement of any claim against or cause of action by or against the Debtor or the Debtor's Estate including the Litigations;

12.01.13    to enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtors and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary or appropriate;

12.01.14    to enter an order or final decree closing and terminating the Bankruptcy Case; and

12.01.15    to make such orders as are necessary or appropriate to carry out the provisions of this Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof and/or the Confirmation Order.

## ARTICLE XIII

## MISCELLANEOUS

**13.01   Modification of The Plan**. The Debtor reserves the right and may, in accordance with the Bankruptcy Code, to amend or modify this Plan prior to the Confirmation Date. After

the Confirmation Date, the Debtor may, upon order of the Court, amend or modify this Plan in accordance with Section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purposes and intent of this Plan.

**13.02   Revocation and Withdrawal of Plan.**

13.02.01        **Right to Revoke**.  The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date.

13.02.02        **Effect of Withdrawal or Revocation**.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute (a) a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceeding involving the Debtor; and (b) a waiver of the Debtor's rights to file and seek Confirmation of an alternative Plan of Liquidation.

**13.03   Nonconsensual Confirmation**. In the event the Debtor's plan is not consensual the Debtor may request that the Bankruptcy Court confirm this Plan by applying the provisions of Section 1129(b) of the Bankruptcy Code with respect to an impaired Class.

**13.04   Notices to Debtor**.  Any and all motions, notices, requests, elections or demands in connection with the Debtor, the Bankruptcy Case or this Plan, including but not limited to any change of address of any Claimant for the purposes of receiving Distributions under this Plan, shall be in writing and shall be deemed to have been given to the Debtor when received or, if mailed, five days after the date of mailing to:

A.) The Debtor:

Irma Hernandez
455 Carolina Avenue
Whitehall, PA 18052

B.) with a copy to Counsel to the Debtor:

Anthony M. Vassallo, Esq.
Law Office of Anthony M. Vassallo
305 Fifth Avenue | Suite 1B
Brooklyn, NY 11215

C.) with a copy to the U.S. Trustee:

Brian S. Masumoto, Esq.
Office of the U.S. Trustee
201 Varick Street
New York, NY 10014

**13.05** **Notice and Entry Of Confirmation Order.** Notice of the entry of the

Confirmation Order shall be sufficient if a copy of the notice indicating that said order has been

entered by the Court, without attaching said order, is mailed to all known Claimants, whether or

not Allowed, and to all Persons which have filed a notice of appearance and request for papers at

their last known addresses.

**13.06** **Post Confirmation Date Service List - Persons Entitled To Notice**. From and

after the Effective Date, notices of appearance and demands for service of process filed with the

Court prior to such date in the Bankruptcy Case shall receive e-mail notification of notices and

pleadings filed with the Court. The Confirmation Order shall be required to be sent to such

Entities by first class mail.

**13.07** **Headings.** The headings used in this Plan are inserted for convenience only and

neither constitute a portion of this Plan nor in any manner affect the provisions of this Plan.

21

**13.08    Severability.** Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Plan.

**13.09    Governing Law.** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

**13.10    Successors and Assigns.** The rights and obligations of any Person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

**13.11    Reservation of Rights.** Nothing contained herein shall prohibit the Debtor from prosecuting or defending any of its rights as may exist on its own behalf except as provided herein.

**13.12    Disbursing Agent.** The Debtor shall act as disbursing agent under this Plan. The Debtor will obtain a bond in an amount equal to the amount to be paid to creditors on the Effective Date.

**13.13    Fees and Expenses Post-Effective Date**. Subsequent to the Effective Date, any professional fees or expenses incurred by the Debtor for post effective date services shall be paid by the Debtor upon submission of a statement for such services rendered by said professional to the Debtor, with a copy provided to Anthony M. Vassallo, Esq., (10) days after such receipt of such statement, the Debtor notifies the Professional Person of any dispute with respect to such fees and expenses.  In such an event, unless the Debtor and the Professional Person resolves the dispute, such dispute shall be submitted to the Bankruptcy Court on appropriate notice and application for determination. The uncontested portion of each invoice shall be paid within ten (10) days as set

forth herein. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes with

respect to Post-Effective Date fees and expenses.

Dated:    Brooklyn, New York 11215
              January 18, 2019

**GOD'S CHARIOTS TO**
**THE HEAVENLY HIGHWAY INC.**

**LAW OFFICE OF ANTHONY M.**
**VASSALLO**
Attorney for the Debtor and Debtor-in-
Possession

By: /s/Irma Hernandez
Irma Hernandez, President

By: /s/Anthony M Vassallo
    305 Fifth Avenue | Suite 1B
    Brooklyn, NY 11215
    Tel. (347) 464-8277
    Fax (866) 334-9752
    info@amvasslaw.com