UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY          Case No.: 16-13585 (SMB)
HIGHWAY INC.,                                    Chapter 11

                           Debtor.
-------------------------------------------------------X

## ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING FIRST AMENDED DEBTOR'S PLAN OF LIQUIDATION, DATED JANUARY 18, 2019

HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

WHEREAS God's Chariots To The Heavenly Highway Inc., Debtor and Debtor-in-

Possession (the "Debtor"), and as proponent of the Plan, filed its First Amended Chapter 11 Plan

of Liquidation dated January 19, 2019 (the "Plan") [Docket No. 51] in accordance with section

1121 of title 11 of the United States Code (the "Bankruptcy Code") amending the Chapter 11

Plan of the Debtor dated October 12, 2018 [Docket No. 44], and related First Amended

Disclosure Statement (the "Disclosure Statement") [Docket No. 52], which modified the

Disclosure Statement [Docket No. 45]

WHEREAS on March 1, 2019, the Bankruptcy Court entered a conditional order (the

"Disclosure Statement Order") [Docket No. 53] approving, among other things, the

(a) Disclosure Statement, (b) deadlines for objecting to the Plan, and (c) the date for the hearing

to consider confirmation of the Plan (the "Confirmation Hearing");

WHEREAS the amended Certificate of Mailing of Anthony M. Vassallo dated March 27,

2019, was filed evidencing, in accordance with the Disclosure Statement Order: (a) the

transmittal of the notice of the Confirmation Hearing; (b) the service of the Amended Plan and

Amended Disclosure Statement to holders of Claims and other parties in interest [Docket No.

57];

WHEREAS no objections or responses were filed to Confirmation of the Plan;

WHEREAS the Confirmation Hearing was held on March 28, 2019, at which time the

Bankruptcy Court considered (a) confirmation of the Plan, and (b) approval of the disclosure

statement and the terms of the Plan, and the record was closed;

WHEREAS notice of the Confirmation Hearing was deemed good and sufficient notice

of the Plan;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      *Findings of Fact and Conclusions of Law.* The findings and conclusions set forth

herein, together with the findings of fact and conclusions of law set forth in the record of the

Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of

law pursuant to the Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To

the extent any of the following findings of fact constitute conclusions of law, they are adopted

as such. To the extent any of the following conclusions of law constitute findings of fact, they

are adopted as such.

2.      *Exclusive Jurisdiction; Venue; Core Proceeding.* The Bankruptcy Court has

jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper

under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(L), and the Bankruptcy Court has exclusive jurisdiction to determine

whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be

confirmed.

**2A.     The Disclosure Statement contains adequate information. [SMB: 6/11/19]**

3.      *Chapter 11 Petition*. On *December 26, 2016*, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is an eligible debtor under section 109 of the Bankruptcy Code, and the Debtor is a proper plan proponent under sections 1121(a) and (c) of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code. No statutory committee was established in this case.

4.      *Burden of Proof.* As the proponent of the Plan, the Debtor has the burden of proving that the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code have been met by a preponderance of the evidence. The Debtor has met such burden by a preponderance of the evidence.

5.      *Bankruptcy Rule 3016(a).* In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as proponent of the Plan.

6.      *Transmittal and Mailing of Materials; Notice*. Due, timely, sufficient and adequate notice of the Plan, the Confirmation Hearing, and the deadlines for filing objections to the Plan has been given to all known holders of Claims and other parties in interest in accordance with the procedures established by the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and all other applicable laws, rules and regulations.

7.      *Adequacy of Voting Procedures*. No voting on the Plan was necessary because no Classes of Claims are impaired under the Plan.

8.      *Classification of Claims*. The classification scheme of Claims in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Claims in each particular Class are substantially similar to other Claims contained in such Class.

9.      *Unclassified Claims*. Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified under the Plan and shall instead be treated separately as Unclassified Claims on the terms set forth in Article IV of the Plan.

10.     *Treatment of Claims*. As required by and in compliance with sections 1123(a)(1) and (a)(3) of the Bankruptcy Code, the Plan identifies the Classes of Claims against the Debtor and specifies the treatment of each Class of Claims under the Plan. Section 1123(a)(2) is inapplicable as all Classes of Claims and Interests are specified as Impaired under the Plan. Consistent with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest within a particular Class.

11.     *Implementation*. As required by section 1123(a)(5) of the Bankruptcy Code, the Plan contemplates adequate means for its execution and implementation including, but not limited to: (a) the Distribution of the Debtor's Cash; (b) the procedures governing the Allowed Claims and Distributions; and (c) the dissolution of the Debtor.

12.     *No Issuance of Securities*. The Plan is a liquidating Plan, and the Debtor will not be issuing equity securities. Therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

13.     *Executory Contracts and Unexpired Leases*. Consistent with section 1123(b)(2) of the Bankruptcy Code. To the extent not previously rejected, on the Confirmation Date, all

4

executory contracts and unexpired leases of the Debtor entered into prior to the Petition Date that have not been previously assumed or rejected shall be deemed rejected by the Debtor pursuant to the provisions of section 365 of the Bankruptcy Code.

14.     *Plan modification – 11 U.S.C. § 1127.* The Debtor has advised the Court that the Plan should be modified to eliminate section 6.03. Such modification is appropriate under the circumstances.

15.     *Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1).* As required by section 1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code. As set forth herein, (a) the Claims are properly classified in accordance with sections 1122 and 1123(a)(1) of the Bankruptcy Code; (b) unimpaired classes are specified as required under section 1123(a)(2) of the Bankruptcy Code; (c) the Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code; (d) the Plan provides an adequate and proper means for its implementation as required under section 1123(a)(5) of the Bankruptcy Code; and (e) the Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code. Sections 1123(a)(6) and 1123(a)(8) of the Bankruptcy Code are inapplicable in this Chapter 11 Case.

16.     *Debtor's Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2).* As required by section 1129(a)(2), the plan proponent, the Debtor, has complied with all of the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure requirements of sections 1125 and 1126 of the Bankruptcy Code. Material relating to the Plan

were distributed in compliance with the requirements of the Disclosure Statement Order, the

Bankruptcy Code, and the Bankruptcy Rules.

17.     *Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3).* As required by section

1129(a)(3), the Plan has been proposed in good faith and not by any means forbidden by law.

The Debtor has valid and legitimate business reasons in proposing the Plan including, *inter alia*,

providing recoveries in satisfaction of Claims to its creditors.

18.     *Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4).* As

required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the

Debtor for services or for costs and expenses in connection with the Chapter 11 Case, or in

connection with the Plan, other than those incurred in the ordinary course of business, has been

approved, or is subject to the approval of, the Bankruptcy Court, as reasonable. Each

Professional who holds or asserts a Professional Fee Claim for services rendered before the

Effective Date is required to file an application for final allowance of compensation and

reimbursement no later than forty-five (45) days after the Effective Date.

19.     *Directors, Officers and Insiders – 11 U.S.C. § 1129(a)(5).* In accordance with

section 1129(a)(5)(A) of the Bankruptcy Code, the Debtor has disclosed the identity of its

officers.

20.     *No Rate Changes – 11 U.S.C. § 1129(a)(6).* Section 1129(a)(6) of the

Bankruptcy Code is inapplicable because the Debtor is winding down its affairs and not

charging rates that are the subject of any regulatory commission with jurisdiction.

21.     *Best Interests of Creditors – 11 U.S.C. § 1129(a)(7).* Each holder of a Claim will

receive payment in full of its Claim of a value, as of the Effective Date, that is not less than the

amount such holder would receive or retain if the Debtor were liquidated on the Effective Date

under chapter 7 of the Bankruptcy Code. Considering the Debtor's alternatives to confirmation, as discussed in Section XV of the Disclosure Statement, Creditors will likely receive more under the Plan than in a chapter 7 liquidation. For these reasons, the Debtor has demonstrated by a preponderance of the evidence that the Plan satisfies section 1129(a)(7).

22.     *Deemed Acceptance or Rejection by Certain Classes – 11 U.S.C. § 1129(a)(8).* The requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied with respect to all Classes because each Holder within each Class is receiving a distribution in full satisfaction of its claim. The Plan is fair and equitable with respect to all Classes.

23.     *Treatment of Administrative, Priority and Tax Claims – 11 U.S.C. § 1129(a)(9).* The Plan provides for the treatment of Allowed Administrative Claims and Allowed Non-Tax Priority Claims pursuant to sections 507(a) of the Bankruptcy Code, in accordance with section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed in writing to a different and less favorable treatment.

24.     *Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10).* Section 1129(a)(10) section is inapplicable because there are no impaired classes.

25.     *Feasibility – 11 U.S.C. § 1129(a)(11).* The Debtor has established that the Plan is feasible. On and after the Effective Date, the Debtor's Assets will be distributed to Creditors in accordance with the Plan. The Plan provides for Cash payments to Creditors in full satisfaction of their Claims. As required by section 1129(a)(11) of the Bankruptcy Code, confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

26.     *Payment of Fees – 11 U.S.C. § 1129(a)(12).* As required by section 1129(a)(12) of the Bankruptcy Code, all fees payable pursuant to section 1930 of title 28 of the United

States Code, as determined by the Bankruptcy Court on the Confirmation Date, shall be paid by the Debtor on the Effective Date. Any statutory fees accruing after the Confirmation Date shall be paid in accordance with the Plan.

27.    *Retiree Benefits – 11 U.S.C. § 1129(a)(13).* Section 1129(a)(13) is inapplicable to the Chapter 11 Case as the Debtor has no retirement or pension plans.

28.    *Domestic Support Obligations, Individuals and Certain Transfers – 11 U.S.C. § 1129(a)(14)-(16).* Sections 1129(a)(14), (15) and (16) are inapplicable to the Chapter 11 Case.

29.    *Fair and Equitable; No Unfair Discrimination – 11 U.S.C. § 1129(b).* Sections 1129(b) is inapplicable to the Chapter 11 Case as there are no impaired classes.

30.    *Only One Plan – 11 U.S.C. § 1129(c).* Other than the Plan (including previous versions thereof), this Plan is the only chapter 11 plan for the Debtor pending before the Bankruptcy Court or any other court. No other plan has been filed in this Chapter 11 Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

31.    *Principal Purpose – 11 U.S.C. § 1129(d).* The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended (15 U.S.C. § 77e). No party in interest that is a governmental unit, or any other entity, has requested that the Bankruptcy Court decline to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**31A.    The Disclosure Statement is approved on a final basis. [SMB: 6/11/19]**

8

32.    *Confirmation*. The Plan, annexed hereto as Exhibit A as modified and amended by this order, is confirmable based upon, *inter alia*, all of the foregoing Findings of Fact and Conclusions of Law, and is approved and confirmed under sections 1129(a) and (b) of the Bankruptcy Code. The terms of the Plan and all Exhibits thereto, each, as may be modified, are incorporated by reference into and are an integral part of the Plan and this order (the "Confirmation Order").

33.    *No Objections*. As there were no objections pertaining to confirmation of the Plan, the record of the Confirmation Hearing is closed.

34.    *Binding Effect.* Pursuant to section 1141(a) of the Bankruptcy Code, except as provided in section 1141(d)(3), from and after the Confirmation Date, the Plan shall be binding upon the Debtor, all holders of Claims against, and any other party in interest in, the Chapter 11 Case and their respective successors and assigns, regardless of whether the Claims of such holders or obligations of any party in interest have filed a proof of claim in the Chapter 11 Case.

35.    *Modifications Binding*. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan is hereby modified and amended by this Confirmation Order (including the elimination of section 6.03), and all of the Plan's provisions and exhibits, shall be binding on the Debtor, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against the Debtor, including all governmental entities.

36.    *Solicitation and Notice*. Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Case and followed the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

37.    *Plan Implementation Authorization*. The Debtor shall be authorized and empowered to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and take such actions as are necessary to consummate the Plan. ~~All actions contemplated by the Plan are authorized and approved in all respects (subject to the provisions of the Plan and the Confirmation Order). The Debtor is hereby authorized to make Distributions and other payments in accordance with the Plan. The Plan, all other agreements provided for under the Plan, and all actions, transactions, documents, instruments and agreements referred to therein, contemplated thereunder or executed and delivered in connection with, and any amendments or modifications thereto in substantial conformity therewith are hereby approved, and the Debtor is authorized and directed to enter into and to perform such agreements according to their terms.~~ **[SMB: 6/11/19]**

38.    *Assumption of Executory Contracts and Unexpired Leases*. To the extent not previously rejected, on the Confirmation Date, all executory contracts and unexpired leases of the Debtor entered into prior to the Petition Date that have not been previously assumed or rejected shall be deemed assumed by the Debtor pursuant to the provisions of section 365 of the Bankruptcy Code.

39.    *Dissolution of the Debtor*. Upon the Distribution of all Assets pursuant to the Plan and the filing by the Debtor of a certification to that effect with the Bankruptcy Court (which may be included in the application for the entry of the final decree), the Debtor shall be dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payments to be made in connection therewith. In addition, the Debtor is authorized to take appropriate steps with governmental authorities or agencies including, but

not limited to, the New York State Attorney General's Office, for the purpose of seeking dissolution and taking further action consistent with applicable law.

40.    *Payment of Administrative Claims.* ~~Pursuant to and in accordance with Section 4.01.01 of the Plan, on the later of (i) the Effective Date and (ii) the first Business Day after the date that is thirty (30) calendar days after the date on which such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is reasonably practicable, the Debtor shall pay to each holder of an Allowed Administrative Claim, Cash, in an amount equal to such Allowed Claim, except to the extent the holder of an Administrative Claim agrees to a different and less favorable treatment.~~**[SMB: 6/11/19]**

41.    *Payment of Professional Fee Claims.* ~~As provided in Section 6.04 of the Plan, all Professional Fee Claimants seeking an award by the Bankruptcy Court of compensation for services rendered and/or reimbursement of expenses incurred before the Effective Date under section 503 of the Bankruptcy Code shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses no later than the Fee Claim Deadline.~~**[SMB: 6/11/19]**

42.    *Payment of United States Trustee and Other Statutory Fees.* ~~The Debtor shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, plus any applicable interest due pursuant to 31 U.S.C. § 3717, in accordance with the terms of the Plan, until such time as the Bankruptcy Court enters an order (a) dismissing the Chapter 11 Case, (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (c) approving a final decree closing the Chapter 11 Case.~~**[SMB: 6/11/19]**

43.    ~~*Payment of Priority Tax Claims.* Pursuant to and in accordance with Section 4.3 of the Plan, each holder of an Allowed Priority Tax Claim shall receive payment in full in Cash on the Effective Date.~~[SMB: 6/11/19]

44.    *Incorporation by Reference.* The Plan is incorporated in full herein by reference. Failure specifically to include or refer to particular sections or provisions of the Plan or any related agreement in this Confirmation Order shall not diminish the effectiveness of such sections or provisions nor constitute a waiver thereof, it being the intent of the Bankruptcy Court that the Plan be confirmed, and such related agreements be approved in their entirety.

45.    *Inconsistencies.* To the extent that this Confirmation Order and/or Plan is inconsistent with the Disclosure Statement or any other agreement entered into between the Debtor and any third party, the Plan controls the Disclosure Statement and any such agreements, and the Confirmation Order controls the Plan.

46.    *Non-Severability.* The provisions of the Plan and the Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

47.    *Reference.* The failure specifically to include or reference any particular provision of the Plan or any related document or agreement in this Confirmation Order shall not diminish or impair the efficacy of such provision or related document or agreement, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety, the Plan and such related documents or agreements are approved in their entirety, and the Plan is incorporated herein by reference.

48.    *Final Order; Authorization to Consummate Plan.* This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry

hereof. Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order shall take effect

immediately upon its entry. ~~and the Debtor is authorized to consummate the Plan immediately~~

~~after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to~~

~~the Effective Date of the Plan, in accordance with the terms of the Plan.~~**[SMB: 6/11/19]**

~~49.~~   *~~Substantial Consummation~~.* ~~The substantial consummation of the Plan, within~~

~~the meaning of sections 1101 and 1127(b) of the Bankruptcy Code, is deemed to occur on the~~

~~Effective Date.~~**[SMB: 6/11/19]**

50.   *Notice of Entry of Confirmation Order*. No later than five business days

following the date of entry of this Confirmation Order, the Debtor shall serve notice of the entry

of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all

holders of Claims, the U.S. Trustee, and the parties were served with notice of the Confirmation

hearing, by causing notice substantially in the form attached hereto as Exhibit "B" to be

delivered to such parties by first-class mail, postage prepaid.

51.   *Notice of Effective Date*. Within five business days following the occurrence of

the Effective Date, the Debtor shall file notice of the Effective Date with the Court and serve a

copy of such notice on the parties who were served with notice of the Confirmation hearing.

52.   *Enforceable Upon Effective Date*. Pursuant to section 1142(a) of the Bankruptcy

Code and the provisions of this Confirmation Order, upon the occurrence of the Effective Date,

the Plan shall apply and be enforceable notwithstanding any otherwise applicable

nonbankruptcy law.

53.   *Continuation of Injunction and Stay*. Unless otherwise provided herein, all

injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 and 362(a) of

the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in

full force and effect until the Chapter 11 Case is closed, and at such time shall be dissolved and of no further force or effect, subject to the provisions of the Plan and the Confirmation Order, or a combination thereof.

54.     *Retention of Jurisdiction.* Notwithstanding the entry of this Confirmation Order

or the occurrence of the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy

Code, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of,

and related to, the Chapter 11 Case to the fullest extent as is legally permissible.

Dated:  New York, New York
        **June 11th, 2019**

                                **/s/ STUART M. BERNSTEIN_____**
                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## First Amended Plan of Liquidation

LAW OFFICE OF ANTHONY M. VASSALLO
Attorney for the Debtor and Debtor-in-Possession
305 Fifth Avenue | Suite 1B
Brooklyn, NY 11215
Tel. (347) 464-8277
Fax (866) 334-9752
info@amvasslaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY                    Case No.: 16-13585 (SMB)
HIGHWAY INC.,                                     Chapter 11

                         Debtor.
----------------------------------------------------X

**FIRST AMENDED DEBTOR'S PLAN**
**OF LIQUIDATION, DATED JANUARY 18, 2019**
**<u>AS MODIFIED BY THE CONFIRMATION ORDER</u>**

God's Chariots to The Heavenly Highway Inc., Debtor and Debtor-in-Possession (the

"Debtor"), proposes the following Plan of Liquidation (the Plan") pursuant to Chapter 11 of

Title 11, United States Code, (the "Bankruptcy Code").

**ARTICLE I**

**<u>DEFINITIONS AND RULES OF CONSTRUCTION</u>**
**<u>AND RULES OF CONSTRUCTION</u>**

For the purposes of this Plan, the following terms shall have the respective meanings

as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms

of the terms defined, unless the context otherwise requires). Capitalized terms used in this Plan

shall at all times refer to the terms as defined in this ARTICLE I or as otherwise defined in this

Plan. A term used in this Plan which is not defined herein but is defined in the Bankruptcy

Code or the Bankruptcy Rules shall have the meaning ascribed to such term in the Bankruptcy Code or Bankruptcy Rules.

Accounting terms, if any, not otherwise defined in this Plan shall have the meanings assigned to them in accordance with generally accepted accounting principles (GAAP) currently in effect. The words "herein," "hereof" and "hereunder" and other words of similar import refer to this Plan as a whole, including all exhibits and schedules, if any, annexed hereto, as the same may from time to time be amended or supplemented, and not to any particular article, section or subdivision contained in this Plan. Exhibits to the Disclosure Statement referred to in this Plan shall be deemed incorporated in and are deemed exhibits to this Plan by reference.

1.01    **"Administrative Claim"** means a claim for any cost or expense of administration in connection with the Bankruptcy Case of a kind specified in Section 503(b) of the Bankruptcy Code and referred to in Sections 507(a)(2) and 1114(e)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses incurred after the Relief Date of the Debtor and up to the Effective Date of preserving the Estate of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor, as debtor-in-possession, in connection with the conduct of its business or businesses, allowances of compensation for legal or other services and reimbursement of costs and expenses under Sections 330(a) or 331 of the Bankruptcy Code or otherwise allowed by the Court, all costs of making distributions and providing notices and ballots.

1.02    **"Affiliate"** means an affiliate, as such term is defined in Section 101(2) of the Bankruptcy Code.

1.03    **"Allowed" or "Allows"** means a Claim or portion thereof: (I) which is scheduled by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code,

2

other than a Claim which is scheduled by the Debtor as disputed, contingent, unliquidated or

unknown; or (ii) proof of which has been filed, pursuant to Section 501(a) of the Bankruptcy

Code and with respect to which Claim, no objection to the allowance thereof has been

interposed prior to the final date for filing such objections set forth in a Final Order of the

Court or provided by this Plan; or (iii) which, after objection thereto, has been allowed, in whole

or in part, by a Final Order; or (iv) which has been allowed pursuant to a Final Order unless

otherwise specified in this Plan.

     **1.04**   **"Allowed Claim"** shall not include, for any purpose, interest on the amount of

such Claim.

     **1.05**   **"Allowed Administrative Claim"** means all or that portion of any

Administrative Claim that either has been Allowed by a Final Order or has not been objected

to within any time period which might be established by this Plan or by a Final Order of the

Bankruptcy Court.

     **1.06**   **"Allowed Priority Claim"** means a Priority Claim to the extent it is or has

become an Allowed Claim.

     **1.07**   **"Allowed Unsecured Claim"** means an Unsecured Claim to the extent it is or

has become an Allowed Claim. Unless otherwise specified in the Plan, interest accrued after the

Relief Date shall not be part of any Allowed Unsecured Claim.

     **1.08**   **"Assets"** means all property and assets of the Debtor, of any nature whatsoever,

including claims of right and property, real and personal, tangible and intangible, including

without limitation, all property of the estate provided for under Section 541 of the Bankruptcy

Code and all property and causes of action acquired by the Debtor subsequent to the Relief

Date.

3

**1.09**    **"Bankruptcy Case"** or **"Chapter 11 Case"** means the Chapter 11 case of the Debtor commenced by the filing of a voluntary petition pursuant to the Bankruptcy Code on December 27, 2016 with the Bankruptcy Court, Case No. 16-13585-smb.

**1.10**    **"Bankruptcy Code"** means Title I of the Bankruptcy Reform Act of 1978, (11 U.S.C. Sections 101, *et. seq.*) as amended.

**1.11**    **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Southern District of New York, having jurisdiction over the Bankruptcy Case and to the extent of any references made pursuant to 28 U.S.C. Section 157.

**1.12**    **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, together with all amendments and modifications from time to time made thereto as prescribed under 28 U.S.C. Section 2075 (1978).

**1.13**    **"Bar Date"** means the deadline for filing Claims as fixed by the Court; provided, however, that if the Court extends the time for filing any given Claim, the date so set shall be the Bar Date only with respect to such given Claim.

**1.14**    **"Business Day"** means any day other than a Saturday, Sunday or legal holiday (as such term is defined in Bankruptcy Rule 9006).

**1.15**    **"Cash"** means cash and cash equivalents, including but not limited to, bank deposits, checks and other similar items.

**1.16**    **"Chapter 11"** means Chapter 11 of the Bankruptcy Code.

**1.17**    **"Claim"** means a claim against the Debtor, whether or not asserted, contingent, or unliquidated, as defined in Section 101(5) of the Bankruptcy Code, and shall include, but is not limited to, any Claim against the Debtor for pre-petition interest, post-petition interest or

4

contingent interest, any contingent Claim, any Claim against the Debtor arising out of the rejection of any Executory Contract, any Claim arising from the recovery of property under, *inter alia,* Sections 550 or 553 of the Bankruptcy Code, and any Claim for a tax whether or not the Claim is entitled to priority under Section 507(a) of the Bankruptcy Code.

1.18    **"Claims Reserve"** means a reserve maintained by the Debtor in the amount of $25,000, to be used by the Debtor to pay Claims (including Disputed Claims) that may arise after the Plan is confirmed or for any disputed Claims.

1.19    **"Claimant"** means the holder of a Claim, and "Holder" means a Claimant.

1.20    **"Class"** means a category of holders of Allowed Claims as provided for in Article II of this Plan.

1.21    **"Confirmation"** means entry of an order by the Court confirming this Plan in accordance with Chapter 11.

1.22    **"Confirmation Date"** means the date on which the Confirmation Order is entered by the Court.

1.23    **"Confirmation Hearing"** means the hearing held before the Court with respect to the Confirmation of this Plan.

1.24    **"Confirmation Order"** means the order to be entered by the Court confirming this Plan in accordance with Chapter 11.

1.25    **"Confirmed Debtor"** means the Debtor after the entry of the Confirmation Order.

1.26    **"Consummation"** or **"Consummation Date"** means the date upon which all Distributions and other treatment proposed by this Plan shall have been made or completed,

5

provided that substantial consummation of this Plan shall be deemed to have occurred upon all distributions and treatment provided for on the Effective Date having been made or completed on that date.

**1.27    "Creditor"** means any Entity that has a Claim against the Debtor.

**1.28    "Debtor"** means God's Chariots To The Heavenly Highway Inc., a New York corporation formed pursuant to Section 402 of the Not-for-Profit Corporation Law. Effective as of July 6, 2016, the Internal Revenue Service granted the Debtor tax exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code.

**1.29    "Disallowed Claim"** means any Claim, or portion thereof, that has been disallowed pursuant to Section 502 of the Bankruptcy Code by the Court pursuant to a Final Order.

**1.30    "Disclosure Statement"** means the statement required under Section 1125 of the Bankruptcy Code, as modified or amended, that (i) relates to this Plan and (ii) is approved by the Bankruptcy Court pursuant to, and contains adequate information as defined under, Section 1125 of the Bankruptcy Code.

**1.31    "Disputed Claim"** means (a) a Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent, unliquidated or unknown; or (b) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated, contingent or unknown; or (c) a Claim, and as to which an objection to the allowance thereof has been interposed within the time limitation fixed by the Bankruptcy Code, by an order of the Court, or by this Plan, which objection has not been determined, in whole or in part, by a Final Order.

6

1.32    **"Distribution"** means a payment of Cash or other consideration to be made under this Plan.

1.33    **"Distribution Date"** means the Effective Date, except with respect to Disputed Claims, in which case, Distribution Date shall be a date that is within ten (10) business days after the date a Final Order has been entered with respect to the disposition of the particular Disputed Claim.

1.34    **"Effective Date"** means a date established by the Debtor which shall be no earlier than the day after the Confirmation Order becomes a Final Order, or any date provided by Court order.

1.35    **"Entity"** shall have the meaning set forth in Section 101(15) of the Bankruptcy Code.

1.36    **"Estate"** means the estate of the Debtor created in the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

1.37    **"Executory Contracts"** means unexpired leases and contracts, including those for nonresidential real property, and executory contracts within the meaning of Section 365 of the Bankruptcy Code.

1.38    **"Fee Claim Deadline"** means the deadline for all Professionals or other Persons to file an application for final allowance of compensation and reimbursement of Professional Fee Claims for services rendered before the Effective Date, which deadline shall be the date which is forty-five (45) days after the Effective Date.

1.39    **"Final Order"** means an order or judgment of a court, the implementation or, operation or effect of which has not been reversed, stayed, modified or amended and as to which order or judgment (or any revision, modification or amendment thereof) the time to appeal

7

or seek a writ of *certiorari* has expired and as to which no appeal or petition for *certiorari* has been taken or is pending.

     **1.40**    **"Person"** means a person as defined in Section 101(41) of the Bankruptcy Code.

     **1.41**    **"Plan"** means this Plan of Liquidation and all exhibits thereto as same may be modified, amended or restated from time to time.

     **1.42**    **"Priority Claims"** means Priority Tax Claims and Priority Non-Tax Claims.

     **1.43**    **"Priority Non-Tax Claim"** means a Claim entitled to priority under Section 507 of the Bankruptcy Code other than an Administrative Claim or a Priority Tax Claim.

     **1.44**    **"Priority Tax Claim"** means a Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

     **1.45**    **"Professional** Person" shall have the meaning set forth in Sections 327(a) and 1103(a) of the Bankruptcy Code, and includes, by way of example, the Debtor's attorney.

     **1.46**    "**Real Property**" means the Debtor's former property located at 842-864 St. Anns Avenue, Bronx, New York 10456 that was sold during the Chapter 11 Case.

     **1.47**    **"Relief Date"** means the date on which an order for relief under Section 301 of the Bankruptcy Code was entered as to the Debtor.

     **1.48**    **"Secured Claim"** means all or that portion of any Claim, together with such interest (including, where permitted by law interest accrued on and after the Relief Date), fees, costs and charges as may be allowed by such agreement or by the Court under Section 506(b) of the Bankruptcy Code, that is secured by a valid, perfected lien to the extent of the value of the interest of the holder of such Claim in such property of the Debtor, as determined by

agreement between the Debtor and the holder of such Secured Claim or by the Court by a Final

Order pursuant to Section 506(a) of the Bankruptcy Code.

**1.49**    **"Unclaimed Property"** means any Cash or other consideration to be distributed

under this Plan (together with any interest earned thereon) that is deemed unclaimed in accordance

with Section 7.03 of this Plan.

**1.50**    **"Unsecured Claim"** means any Class 4 Claim.

**1.51**    **"U.S. Trustee"** means the Office of the United States Trustee for Region 2

including the Southern District of New York.

**1.01**    **"Wings of the Wind"** means Wings of the Wind Foundation Corporation, a

New York corporation formed pursuant to Section 402 of the Not-for-Profit Corporation Law.

Effective as of July 17, 2017, the Internal Revenue Service granted Wings of the Wind

Foundation Corporation tax exempt status pursuant to Section 501(c)(3) of the Internal

Revenue Code. Wings of the Wind has the same mission and same board of trustees as the

Debtor

## ARTICLE II

## CLASSIFICATION OF CLAIMS

**2.01**    **Division of Classified Claims**.  An Allowed Claim is in a particular Class only to

the extent such Claim qualifies within the description of that Class and is in a different Class to

the extent that the remainder of the Claim qualifies within the description of the different Class.

**2.02**    **Allowed Claims**. A Claim is in a particular Class only to the extent the Claim is

an Allowed Claim as defined herein and has not been paid or otherwise satisfied prior to the

Effective Date.

2.03    **Classification**. Claims against the Debtor, excluding Administrative Claims and Priority Tax Claims, are divided into the following Classes:

    2.03.01    **Class 1** shall consist of all Allowed Secured Claims.

    2.03.02    **Class 2** shall consist of all Allowed General Unsecured Claims.

2.04    **Non-Classified Claims**.

    2.04.01    Under this Plan, Allowed Administrative Claims and Priority Tax Claims are not designated within a Class as classification of such Claims is not mandated under Section 1123(a)(1) of the Bankruptcy Code.

    2.04.02    Similarly, under this Plan, U.S. Trustee fees are not designated within a Class.

**ARTICLE III**

**IDENTIFICATION OF CLASSES OF
CLAIMS UNDER THE PLAN**

3.01    All Allowed Claims in Classes 1, and 2 shall be paid no later than on the Effective Date of the Plan.

3.02    If there is a controversy as to whether any Claimant or Class of Claimants is impaired under this Plan, the Court shall, after notice and a hearing, determine such controversy.

**ARTICLE IV**

**PROVISIONS FOR TREATMENT OF CLAIMS UNDER THIS PLAN**

4.01.    **Unclassified Claims**. Allowed Administrative Claims and Allowed Priority Tax Claims are not classified under this Plan pursuant to Section 1123(a) of the Bankruptcy Code.

10

4.01.01.    All Allowed Administrative Claims and Allowed Priority Tax Claims, which remain unsatisfied as of the Effective Date, shall be paid by the Debtor in full upon the earlier of the Distribution Date or the entry of an order approving such Allowed Administrative Claim if such order is required, in Cash, or on such other terms as may be agreed upon by the Holder of such Allowed Administrative Claim and the Debtor, except that Administrative Claims incurred by the Debtor in the ordinary course of business shall be paid when due in accordance with ordinary business terms.

4.01.02.    U.S. Trustee's fees will continue to be due and payable until a Final Decree is entered or the case is dismissed or converted, whichever is earlier.  Prior to the confirmation of the Plan the Debtor will continue to pay all applicable U.S. Trustee fees. After the entry of an order confirming the Plan the Debtor will continue to pay all applicable U.S. Trustee fees plus any applicable interest due pursuant to 31 U.S.C. § 3717.

4.01.03.    Professionals requesting compensation or reimbursement of Professional Fee Claims for services rendered before the Effective Date (including compensation requested by any Professional in the Chapter 11 Case) shall file an application for final allowance of compensation and reimbursement of expenses no later than the Fee Claim Deadline. Objections to applications of Professionals or other entities for compensation or reimbursement of expenses must be filed no later than twenty-one (21) days after any such application is filed. All compensation and reimbursement of expenses allowed by the Bankruptcy Court shall be paid by the Debtor to the

11

applicable Professional or other entities requesting compensation or

reimbursement of Professional Fee Claims as soon as is practicable after any

such Professional Fee Claims are Allowed.

**4.02.** **Allowed Secured Claims (Class 1)**. Holders of Allowed Class 1 Claims shall be

paid in full on the Effective Date of the Plan.

**4.03.** **Allowed Tax Claims (Class 2)**. Holders of Allowed Class 2 Tax Claims shall

be paid in full on the Effective Date of the Plan.

**4.04.** **Allowed General Unsecured Claims (Class 3)**. Holders of Allowed Class 3

General Unsecured Claims shall be paid in full on the Effective Date of the Plan.

## ARTICLE V

## ACCEPTANCE OF PLAN

**5.01**    All the Holders of Allowed Claims are deemed to have accepted the Plan because

they are being paid in full on the Effective Date of the Plan.

## ARTICLE VI

## MEANS FOR EXECUTION OF THIS PLAN

**6.01**    **Plan Implementation**. This Plan is to be implemented in a manner consistent

with Section 1123 of the Bankruptcy Code.

**6.02**    **Funding of Claims**. The Debtor shall pay all Claims out of Cash on hand.

**6.03**    **Transfer Charges**. Pursuant to 11 U.S.C. § 1146 of the Bankruptcy Code, all

transfers of any interest in the Debtor's Assets which are made pursuant to and/or contemplated

by this Plan, once subject to a Confirmation Order, shall be exempt from all otherwise applicable

transfer taxes, stamp taxes, recording fees and other such charges assessed by the New York State

12

and New York City taxing authorities for the recording and filing of any instruments of transfer. (the "Transfer Taxes") and such Transfer Taxes shall not be paid, for the transactions contemplated in this Plan.

**6.04**      On the Effective Date or at such other time as agreed, a cash distribution shall be made to Holders of Allowed Administrative Claims, the Holder of Allowed Tax Priority Claims, and the Holders of Allowed Unsecured Claims.  In the event an order has not been entered fixing the fees of a Professional Person and/or there is a dispute concerning fees of a Professional Person, then the total fees requested (if a hearing has not been held) or the disputed fees in question shall be placed in an escrow account to be kept by the Debtor in trust for the Professional Person and shall remain in such account until there is a resolution of the Professional Person's Administrative Claim, at which time such Professional Person shall be paid with interest earned thereon. The Debtor shall act as disbursing agent and shall be responsible for disbursement of payments to creditors.

**6.05**      **Setoffs**. The Debtor may, but shall not be required to, set off against any Claim and the Distributions to be made pursuant to this Plan in respect of such Claim, any claims of any nature whatsoever which the Debtor may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim the Debtor may have against such Holder. Prior to any setoff, the Debtor shall provide fourteen (14) days written notice and the creditor shall have the right to object.

**6.06**      **Corporate Action**. Upon entry of the Confirmation Order by the Clerk of the Bankruptcy Court, all actions contemplated by this Plan shall be authorized and approved in all respects (subject to the provisions of this Plan), including without limitation, the execution,

delivery, and performance of all agreements required, contemplated or necessary to implement this Plan. On the Effective Date, the appropriate officers of the Debtor are authorized and directed to execute and deliver the agreements, documents and instruments contemplated by this Plan in the name of and on behalf of the Debtor and in accordance with Section 5 of the New York Religious Corporations Law.

## ARTICLE VII

## PROVISIONS CONCERNING DISTRIBUTIONS

### 7.01    Time and Manner of Distributions Under this Plan.

7.01.01    On the Effective Date of the Plan, the Debtor shall pay, in Cash, Allowed Administrative Claims, Allowed Secured Claim, Allowed Priority Tax Claim, and Allowed Unsecured Claim from the Debtor-in-Possession bank account.

7.01.02    To the extent a Claim is a Disputed Claim, Distributions allocable thereto shall not be made to the holder of such Claim but shall be held in a Disputed Claim Account. When a Disputed Claim, or any portion thereof, becomes an Allowed Claim, the Debtor shall cause a Distribution to be made to the holder of such Allowed Claim in accordance with the provisions of this Plan with respect to treatment of the Class of Creditors in which the Allowed Claim is classified within ten (10) Business Days after the order which Allows such Claim becomes a Final Order.

7.01.03    The Debtor-in-Possession bank account shall be closed by the Debtor as of the first (1st) Business Day after the latter of the last check on account of a Distribution is cleared and paid upon by the payor bank and the date under this Plan that the last of unclaimed Distributions becomes Unclaimed Property.

14

7.01.04    If a Priority Tax Claim, Administrative Claim or Unsecured Claim is a Disputed Claim, then a Distribution allocable thereto shall be held in the Disputed Claim Account pending the resolution of the Claim(s) in question.

7.02    **Fractional Cents**.  Any other provision of this Plan to the contrary notwithstanding, no payments of fractions of cents shall be made.  Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (up or down).

7.03    **Unclaimed Property**.  Except as otherwise provided herein, in the event and at such time as any Distribution under this Plan becomes Unclaimed Property, then the Entity to which such Distribution was to have been made shall forfeit all rights thereto, and thereafter the Claim in respect of which such Distribution was to have been made as well as any subsequent Distribution  shall be treated as a Disallowed Claim not subject to Section 502(j) of the Bankruptcy Code.  In this regard, Distributions to Claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtor, or as set forth in the most recently available records of the Debtor or to such other address as may be requested in writing on or before the Effective Date by a Claimant. Any Distribution shall be deemed Unclaimed Property if after the Debtor has made a reasonable effort to locate the Claimant, the distribution same has not been received or accepted by the Entity entitled to such Distribution by a date which is one hundred eighty (180) days subsequent to the date of such Distribution.  In such event monies are not claimed then the unclaimed monies shall be returned to the Debtor.

7.04      **Payment Dates**.  Whenever any Distribution to be made under this Plan shall be due on a day other than a Business Day, such payment or Distribution shall instead be made, without interest, on the next Business Day.

7.05      **Distributions**. Distributions under this Plan to all Allowed Claims shall be made by the Debtor.

## ARTICLE VIII

## EFFECT OF THE PLAN ON
## HOLDERS OF CLAIMS

**8.01**    Nothing contained in this Plan shall: (a) prohibit the holder of a timely filed Claim to which the Debtor has timely filed an objection from litigating its right to seek to have such Claim declared an Allowed Claim; or (b) enjoin or prohibit the enforcement by any Claimant of any of the obligations of the Debtor under this Plan.

## ARTICLE IX

## REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

**9.01**    **Assumption of Executory Contracts/Leases**. The Debtor will assume all executory contracts and unexpired leases that are in effect on the Confirmation Date.

## ARTICLE X

## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

**10.01**    **Time Limit for Objections to Claims**. Objections to Claims shall be filed by the Debtor with the Court and served upon the holders of each of the Claims to which objections are made not later than forty-five (45) days subsequent to the Confirmation Date.

**10.02**    **Resolution of Disputed Claims**. Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle or withdraw objections to Disputed Claims, in its sole

16

discretion, without notice to any party in interest, other than the Holder of the Disputed Claim, pursuant to the provisions of the Bankruptcy Code and Rules.

**10.03  Payments**. Payments, Distributions or treatment on account of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class in which the Disputed Claim is classified. Notwithstanding anything in this Section to the contrary, undisputed portions of a Claim shall be deemed an Allowed Claim and shall receive treatment under this Plan in accordance with the provisions for the Class in which such partially Allowed Claim is in. Distributions or treatment on a Disputed Claim which becomes an Allowed Claim shall be made as soon as practicable, but not more than ten (10) Business Days after the date on which the order allowing such Claim becomes a Final Order and shall include interest earned thereon. The Debtor shall reserve a sufficient amount to cover the face amount of any Disputed Claim in the event it becomes Allowed. Unless otherwise agreed to in writing, the Debtor shall send payments by first class mail to the Holders of Allowed Claims to their last known address based on a) the address indicated on the Proof of Claim filed by the Creditor in this Case; or b) if no Proof of Claim is filed, then to the address indicated on the Debtor's schedules filed in this case.

**ARTICLE XI**

**ADMINISTRATIVE PROVISIONS**

**11.01  Further Documents and Action**. On or before the Effective Date, the Debtor shall cause to be prepared and shall execute and is authorized to file with the Court or other appropriate governmental Entity, such agreements and other documents, and take or cause to be taken such action, as may be necessary or appropriate to effect and further evidence the terms

17

and conditions of this Plan. The Debtor will be responsible for the payment of all post confirmation U.S. Trustee fees and the filing of all post confirmation reports.

**11.02    Post-Confirmation Management**. The Debtor shall continue with its present management, including its president, Irma Hernandez, and will continue to be governed by its Board of Trustees.

**11.03    Status Reports**. Subsequent to the Effective Date the Debtor shall file with the Court post- confirmation reports detailing its progress to obtain a Final Decree. Status reports shall be filed on or before January 15, April 15, July 15 and October 15 until a Final Decree is entered.

## ARTICLE XII

## RETENTION OF JURISDICTION

**Retention of Jurisdiction**. Following the Confirmation Date, the Court shall retain jurisdiction of the Bankruptcy Case and of all matters arising under or out of the Bankruptcy Case, including, without limitation, for the following purposes:

| | |
|---|---|
| 12.01.01 | to hear and determine any objections to the allowance of Claims brought by the Debtor; |
| 12.01.02 | to determine any and all applications for compensation for Professional Persons; |
| 12.01.03 | to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court and pending on the Confirmation Date that may be brought by the Debtor; |
| 12.01.04 | to modify this Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code; |

18

12.01.05    to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of this Plan, the Confirmation Order and any other documents executed and delivered in connection with this Plan;

12.01.06    to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Bankruptcy Case;

12.01.07    to hear and determine any and all controversies and disputes arising under, or in connection with, this Plan, or the Confirmation Order, including disputes with respect to post-Effective Date fees and expenses of Professional Persons;

12.01.08    to adjudicate all controversies concerning the classification of any Claim;

12.01.09    to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

12.01.10    to recover any assets and property of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as of the Confirmation Date;

12.01.11    to determine all questions and disputes regarding recovery of and entitlement to the Debtor's assets and property and determine all claims, causes of action and disputes between the Debtor and any other Entity, whether or not subject to an action pending as of the Confirmation Date;

12.01.12    to consider and act upon the compromise and settlement of any claim against or cause of action by or against the Debtor or the Debtor's Estate including the Litigations;

12.01.13    to enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtors and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary or appropriate;

12.01.14    to enter an order or final decree closing and terminating the Bankruptcy Case; and

12.01.15    to make such orders as are necessary or appropriate to carry out the provisions of this Plan, including but not limited to orders interpreting,

19

clarifying or enforcing the provisions thereof and/or the Confirmation Order.

## ARTICLE XIII

## MISCELLANEOUS

**13.01  Modification of The Plan**. The Debtor reserves the right and may, in accordance with the Bankruptcy Code, to amend or modify this Plan prior to the Confirmation Date. After the Confirmation Date, the Debtor may, upon order of the Court, amend or modify this Plan in accordance with Section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purposes and intent of this Plan.

**13.02  Revocation and Withdrawal of Plan.**

13.02.01          **Right to Revoke**.  The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date.

13.02.02          **Effect of Withdrawal or Revocation**.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute (a) a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceeding involving the Debtor; and (b) a waiver of the Debtor's rights to file and seek Confirmation of an alternative Plan of Liquidation.

**13.03  Nonconsensual Confirmation**. In the event the Debtor's plan is not consensual the Debtor may request that the Bankruptcy Court confirm this Plan by applying the provisions of Section 1129(b) of the Bankruptcy Code with respect to an impaired Class.

20

**13.04    Notices to Debtor**.  Any and all motions, notices, requests, elections or demands in connection with the Debtor, the Bankruptcy Case or this Plan, including but not limited to any change of address of any Claimant for the purposes of receiving Distributions under this Plan, shall be in writing and shall be deemed to have been given to the Debtor when received or, if mailed, five days after the date of mailing to:

A.) The Debtor:

Irma Hernandez
455 Carolina Avenue
Whitehall, PA 18052

B.) with a copy to Counsel to the Debtor:

Anthony M. Vassallo, Esq.
Law Office of Anthony M. Vassallo
305 Fifth Avenue | Suite 1B
Brooklyn, NY 11215

C.) with a copy to the U.S. Trustee:

Brian S. Masumoto, Esq.
Office of the U.S. Trustee
201 Varick Street
New York, NY 10014

**13.05    Notice and Entry Of Confirmation Order.** Notice of the entry of the Confirmation Order shall be sufficient if a copy of the notice indicating that said order has been entered by the Court, without attaching said order, is mailed to all known Claimants, whether or not Allowed, and to all Persons which have filed a notice of appearance and request for papers at their last known addresses.

**13.06    Post Confirmation Date Service List - Persons Entitled To Notice**. From and after the Effective Date, notices of appearance and demands for service of process filed with the Court prior to such date in the Bankruptcy Case shall receive e-mail notification of notices and

pleadings filed with the Court. The Confirmation Order shall be required to be sent to such

Entities by first class mail.

**13.07    Headings.** The headings used in this Plan are inserted for convenience only and

neither constitute a portion of this Plan nor in any manner affect the provisions of this Plan.

**13.08    Severability.** Should any provision in this Plan be determined to be

unenforceable, such determination shall in no way limit or affect the enforceability and operative

effect of any and all other provisions of this Plan.

**13.09    Governing Law.** Except to the extent that the Bankruptcy Code is applicable, the

rights and obligations arising under this Plan shall be governed by, and construed and enforced in

accordance with, the laws of the State of New York.

**13.10    Successors and Assigns.** The rights and obligations of any Person named or

referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and

assigns of such Person.

**13.11    Reservation of Rights.** Nothing contained herein shall prohibit the Debtor from

prosecuting or defending any of its rights as may exist on its own behalf except as provided

herein.

**13.12    Fees and Expenses Post-Effective Date.** Subsequent to the Effective Date, any

professional fees or expenses incurred by the Debtor for post effective date services shall be paid

by the Debtor upon submission of a statement for such services rendered by said professional to

the Debtor, with a copy provided to Anthony M. Vassallo, Esq. (10) days after such receipt of such

statement, the Debtor notifies the Professional Person of any dispute with respect to such fees and

expenses.  In such an event, unless the Debtor and the Professional Person resolves the dispute, such

dispute shall be submitted to the Bankruptcy Court on appropriate notice and application for

22

determination. The uncontested portion of each invoice shall be paid within ten (10) days as set

forth herein. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes with

respect to post-Effective Date fees and expenses.

Dated:    Brooklyn, New York 11215
          January 18, 2019

**GOD'S CHARIOTS TO**
**THE HEAVENLY HIGHWAY INC.**

**LAW OFFICE OF ANTHONY M.**
**VASSALLO**
Attorney for the Debtor and Debtor-in-Possession

*By: /s/Irma Hernández*
Irma Hernandez, President

*By: /s/Anthony M Vassallo*
          305 Fifth Avenue | Suite 1B
          Brooklyn, NY 11215
          Tel. (347) 464-8277
          Fax (866) 334-9752
          info@amvasslaw.com

23

# **Exhibit B**

# **Notice of Entry**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

GOD'S CHARIOTS TO THE HEAVENLY         Case No.: 16-13585 (SMB)
HIGHWAY INC.,         Chapter 11

           Debtor.
--------------------------------------------------------X

## NOTICE OF ENTRY OF CONFIRMATION ORDER AND OCCURRENCE OF EFFECTIVE DATE OF FIRST AMENDED DEBTOR'S PLAN OF LIQUIDATION, DATED JANUARY 18, 2019 <u>AS MODIFIED BY THE CONFIRMATION ORDER</u>

**PLEASE TAKE NOTICE** that on _____, 2019, the United States Bankruptcy

Court for the Southern District of New York entered the Order Confirming First Amended Joint

Chapter 11 Plan of Liquidation of God's Chariots to the Heavenly Highway Inc. (the

"Confirmation Order") [Docket No. ___], pursuant to which the Bankruptcy Court approved and

confirmed the First Amended Joint Chapter 11 Plan of Liquidation (as amended, supplemented,

or modified, the "Plan") [Docket No. ___].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Confirmation Order, all

requests for compensation or reimbursement of Professional Claims must be filed and served on

the Debtor, counsel to the Debtor, and the U.S. Trustee, and such other entities who are

designated by the Bankruptcy Rules, the Confirmation Order or other order of the Court, no later

than forty-five (45) days after the Effective Date.

LAW OFFICE OF ANTHONY M. VASSALLO
Attorney for the Debtor and Debtor-in-Possession
305 Fifth Avenue | Suite 1B
Brooklyn, NY 11215
Tel. (347) 464-8277
Fax (866) 334-9752
info@amvasslaw.com