WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2  
U.S. Department of Justice  
Office of the United States Trustee  
201 Varick Street, Room 1006  
New York, NY 10014  
Tel. (212) 510-0500  
By:    Mark Bruh, Esq., Trial Attorney

Hearing Date: October 28, 2021  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------x  
                                                                 :        Chapter 11  
In re                                              :  
                                                                 :        Case No. 16-13585 (DSJ)  
GOD'S CHARIOTS TO THE HEAVENLY    :  
HIGHWAY INC.,                               :  
                                                                 :  
                                    Debtor.       :  
---------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**  
**THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE**  
**OR, IN THE ALTERNATIVE, CONVERT TO A CHAPTER 7 CASE**

TO:    THE HONORABLE DAVID S. JONES,  
         UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), pursuant to 11 U.S.C. § 1112(b), for an order dismissing the case of God's Chariots To The Heavenly Highway, Inc. (the "Debtor") or, alternatively, converting it to a case under chapter 7.   In support thereof, the United States Trustee respectfully represents and alleges as follows:

### Introduction

This case was commenced on December 27, 2016 and confirmed on June 17, 2019.   There has been no Final Decree and the case remains open.   The Order confirming this case provides that the Debtor is required to file post-confirmation reports until this chapter 11 case

is closed. The Debtor has filed ***only one*** post-confirmation report[1] as mandated by Order of this Court, Bankruptcy Rules and Local Bankruptcy Rules for the Southern District of New York.

Further, the Debtor has failed to pay statutory fees owed pursuant to 28 U.S.C. § 1930, a condition of the confirmed plan and an independent statutory obligation until a Final Decree is entered in this case. Currently, the Debtor is delinquent on United States Trustee fees in the amount of $1,150.00. For these reasons, the United States Trustee requests an order dismissing this case, or, alternatively, converting this case to a case under chapter 7.

**Background**

1. On December 27, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. ECF No. 1

2. The Debtor was formed as a religious corporation; however, it did not provide religious services until May 2015. Before that time, its revenue was generated solely from rents it collected from certain real property it owned located at 844 St. Ann's Avenue, Bronx, New York 10467 (the "Property"). March 27, 2017 Declaration of Debtor's President, Irma L. Hernandez, Pursuant to Local Bankruptcy Rule 1007-2, ECF No. 14 at ¶ 1a.

3. On July 20, 2017, the Court entered an Order approving the sale free and clear of any liens on the Debtor's Property to the Lagree Baptist Church pursuant to a certain purchase agreement. ECF No. 28.

4. On June 11, 2019, the Court entered an order captioned: Order Finally Approving Disclosure Statement and Confirming First Amended Plan Debtor's Plan of Liquidation, dated January 18, 2019. ECF No. 63. The Plan Includes a provision that requires the Debtor to pay

---

[1] The Court restricted access to the bank statements attached to the post-confirmation report filed by the Debtor on December 27, 2020 for the period April 1, 2019 through June 30, 2019. ECF No. 64.

2

post-confirmation fees and to file post-confirmation reports until the conclusion of the case. ECF No. 51 at ¶ 11.01 and 11.03.

5. The Debtor's one and only post-confirmation report was filed on December 27, 2020 for the period April 1, 2019 through June 30, 2019. According to the Court's docket, the Court restricted access to the bank statements attached to it. ECF No. 64. The Debtor has not filed any other post-confirmation report. Declaration of Mark Bruh ("Bruh Decl.") at ¶ 6, Exhibit A.

6. The Debtor has not paid any post-confirmation statutory quarterly fees to the United States Trustee since April 2021. *See* Bruh Decl. at ¶ 7. The Quarterly Fee Reconciliation Report is annexed hereto as Exhibit B.

7. As of the date of this Motion, the Debtor is delinquent on $1,150.00 in statutory quarterly fees, which includes a balance due in the amount of $250.00 for the third quarter of 2021. *See* Bruh Decl. at ¶ 7.

8. To date, there has been no application for a Final Decree or request to close the bankruptcy case. *See* Bruh Decl. at ¶ 9.

## Argument

**A. Governing Law**

1. 11 U.S.C. § 1112(b)

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

3

Section 1112(b)(4) lists 16 examples of cause, including,

> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> ….
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28 ….

11 U.S.C. § 1112(b)(4), (F) and (K).

The list of factors is nonexclusive. *In re the 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). *See also In re State Street Assoc., L.P.*, 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (Section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all of the elements of cause can be met. *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The Bankruptcy Court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *1031 Tax Group*, 374 B.R. at 93.

The burden of showing whether cause exists to convert or dismiss a case rests with the moving party. *In re Lizeric Realty Corp.*, 188 B.R. 503 (S.D.N.Y. 1995). Once "cause for relief is shown, the Court has broad discretion to either convert or dismiss the Chapter 11 case" whichever is in the best interest of the creditors and the estate. *In re AdBrite Corp.*, 290 B.R. 209, 215 (S.D.N.Y. 2003) (citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986)).

    2.  <u>11 U.S.C. § 1106, 28 U.S.C. § 1930, and Fed. R. Bankr. P. 2015</u>

Section 1106(a) of the Bankruptcy Code sets forth specific duties for debtors in possession in Chapter 11 cases[2], and provides that, among other duties, a debtor in possession

---

2 A debtor in possession must perform all the functions and duties, except the duties specified in §§ 1106(a)(2), (3),

4

shall "after confirmation of a plan, file such reports as are necessary."  11 U.S.C. § 1106(a)(7). In addition, 28 U.S.C. § 1930 requires Chapter 11 debtors to pay a quarterly fee to the United States Trustee until the case is converted or dismissed.  28 U.S.C. § 1930(a)(6).  Bankruptcy Rule 2015, in turn, requires a debtor a debtor in possession in a Chapter 11 case to file and transmit to the United States Trustee, for each calendar quarter during which there is a duty to pay fees under 28 U.S.C. § 1930(a)(6), a statement of any disbursement made during that quarter and of any quarterly fees payable for that quarter.  Fed. R. Bankr. P. 2015(a)(5).

### B. Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) and (K) To Dismiss of Convert this Case

Sections 1112(b)(4)(F) and (K) direct that the Court shall convert or dismiss a case for cause, including: (1) an "unexcused failure to satisfy timely any filing or reporting requirement" (1112(b)(4)(F)), and (2) a "failure to pay any [statutorily required] fees or charges" (1112(b)(4)(K)). The facts show that cause in this case has been established on both grounds.

First, the Debtor ceased to file quarterly post-confirmation reports as required by the Bankruptcy Rules for the period after July 1, 2019.[3]  See Bruh Decl. at ¶ 6.  Furthermore, the Debtor did not request the Court's permission for any extension of time to file such reports, nor did the Debtor notify the United States Trustee of any impediment that interfered with the timely filing of such reports.[4]  Courts in this district have stated that cause exists to dismiss or convert a

---

and (4) of the Bankruptcy Code, of a trustee.  11 U.S.C. § 1107(a).

3  The post-confirmation report filed on December 27, 2020 for the period April 1, 2019 through June 30, 2019 is incomplete.  ECF No. 64.

4  The principal of the Debtor contacted the Office of the United States Trustee and alleged that she was unable to contact Debtor's counsel, Anthony M. Vassallo, Esq., and that he was sick.  However, that is not an excuse for the Debtor's failure to file post-confirmation reports for over two years and to stop paying quarterly fees.  According to the Court's dockets, Mr. Vassallo is active in other cases. For example, in February of this year, Mr. Vassallo filed documents in the unrelated case of Santiago v. Santiago, Adv. Pro. No. 19-01362 (JLG). See ECF No. 34, and on April 18, 2021, he filed a Chapter 7 petition on behalf of Justis Chase, Case No. 21-35298 (CGM).

chapter 11 case where the debtors failed to timely file periodic reports and statutorily required documents. *See, e.g.*, *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 WL 4637460, at *5 n. 10 (Bankr. S.D.N.Y. Sept. 25, 2018) (finding an additional cause to dismiss under section 1112(b)(4)(F) where the chapter 11 debtorhas failed to meet a mandatory filing requirement); *In re Ancona*, 2016 WL 7868696, at *8 (concluding that there is an independent ground to dismiss or convert the debtor's case under chapter 11 where the "[d]ebtor has, without justification, failed to file periodic financial reports").

Second, the Debtor has not paid the United States Trustee quarterly fees since April 2021. *See* Bruh Decl. at ¶ 7. The payment of quarterly fees is a statutory requirement. *See, e.g.*, *Schwartz v. Aquatic Development Group, Inc. (In re Aquatic Development Group, Inc.)*, 352 F.3d 671, 674 (2d Cir. 2003) (noting that section 1930(a)(6) requires debtors to pay fees to the United States Trustee until the case is converted or dismissed). Courts in this district have regularly found that the non-payment of mandatory fees constitutes cause to convert or dismiss chapter 11 cases. *See In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (stating that failure to pay quarterly fees, without more, provides cause to dismiss or convert case); *In re Hi-Toc Development Corp.*, 159 B.R. 691, 693 (Bankr. S.D.N.Y. 1993) (same). In addition, the quarterly fee payment is a requirement under the Plan. *See* ECF No. 51 at ¶ 11.01 and 11.03. The Debtor now owes an estimated amount of $1,150.00 in United States Trustee quarterly fees. *See* Exhibit B (Quarterly Fee Reconciliation Report). Accordingly, this Court should convert or dismiss this case for cause pursuant to 11 U.S.C. §§ 1112(b)(4)(F) and (K).

### C. There are No Unusual Circumstances Establishing that Conversion or Dismissal is Not in the Best Interests of Creditors and the Estate

Under § 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances

6

establishing that conversion or dismissal is not in the best interests of creditors and the estate."

11 U.S.C. § 1112(b)(2).

      Section 1112(b)(2) provides that:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –
>
>   (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>   (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>     (i) for which there exists a reasonable justification for the act or omission; and
>
>     (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

      There are no unusual circumstances in this case that would establish that dismissal or conversion is not in the best interests of the creditors and the estate. It appears that the Debtor may have consummated the Plan and it is believed that the creditors have received distributions.

      The Debtor, however, has failed in its obligations to finalize this case and seek a Final Decree and close the case. For those reasons, dismissal is in the best interests of the creditors and the bankruptcy estate. Accordingly, the United States Trustee recommends that the case be dismissed, under the condition that the Debtor is directed to file an affidavit of disbursements for the time the case was open in lieu of the filing of post-confirmation reports.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this confirmed chapter 11 case or, in the alternative, converting this confirmed chapter 11 case to a chapter 7, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
September 28, 2021

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   /s/ Mark Bruh
Mark Bruh
Trial Attorney
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500